# Dial *v.* McKay.

*Assumpsit.*

(Decided March 2, 1907. 43 So. Rep. 218.)

1. *Exceptions, Bill of; Extension of Time.*—Under the provisions of the act creating the Clay county court (Acts 1898-9, p. 183) the court, and not the judge, is authorized to grant extensions of time for signing bill of exceptions and a bill signed in vacation under orders of extension granted by the judge cannot be considered.

2. *Bills and Notes; Defenses; Failure of Consideration.*—A plea setting up that a note was given with the understanding that

upon the happening of a certain contingency, which is alleged to have happened, should be surrendered to the maker, was not demurrable as attempting to change or vary a written instrument, the plea going to the consideration of the contract.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by W. O. Dial against C. T. McKay. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

This was an action on a promissory note, and the complaint is in Code form. The following pleas were filed by the defendant: · Pleas 1 and 2 were the general issue. (3) "That the instrument sued on was without consideration when made." (6) "That the consideration of the instrument sued on was this: That plaintiff had orally contracted with a Mrs. Hudson for the lease or rent of her farm, which she purchased of defendant, for the year 1905, and offered and did bargain with defendant to subrent or lease said lands to defendant for said year, on the condition that Mrs. Hudson did not interfere therewith, at a price of $75 more than plaintiff was to pay Mrs. Hudson for the rent of the place, and that on a subsequent day plaintiff came to defendant and represented to him that he had seen Mrs. Hudson about said rent or lease contract between plaintiff and defendant, and that their said contract was all right with her, and suggested and persuaded defendant to execute his note to plaintiff for $75, and stated to defendant that he could close up the trade and execute his note to Mrs. Hudson for price plaintiff was to pay her for the rent or lease of the place; and defendant avers that, believing and relying on said representation made to him by plaintiff, he executed the notes sued on to plaintiff; and defendant avers that at the time he executed said notes to plaintiff it was the understanding, and was agreed to by plaintiff, that if Mrs. Hudson refused to agree to said contract between them and to let the defendant have the place under said rental agreement, defendant's said note to plaintiff was not to be paid, but was to be surrendered to him by plaintiff; and defendant avers that Mrs. Hudson failed and positively

refused to carry out said contract and let him have the place for the year 1905 under said contract; and defendant avers that he immediately notified plaintiff of such refusal; and he further avers that plaintiff failed or refused to secure said place or land for him for the year 1905 under said contract and agreement. Hence he says he ought not to pay the note sued on." Pleas 7 and 8 are substantially the same as 6, as is plea 10, with the exception that plea 10 sets out in full the contract made between the plaintiff and Mrs. Hudson and the contract made between plaintiff and defendant, with the averments that Mrs. Hudson failed to carry out her contract with plaintiff, and plaintiff was unable to carry out the contract made with defendant in consideration of which the note was made.

Numerous grounds of demurrers were assigned to these pleas, but the fourth and eighth grounds thereof were the only ones insisted on in argument and are as follows: (4) "Said pleas seek to vary, add to, or contradict the written contract by parol evidence." (8) "Each of said pleas seeks to contradict the notes sued upon by showing a verbal agreement, made at the time of its execution, that it would be surrendered, or that it was payable only on a condition subsequent." These demurrers were overruled, and the suit resulted in a verdict for defendant.

Other matters of error are set out in the bill of exceptions, which was signed after the adjournment of the court, under an order made by the judge of the court extending the time after the adjournment; and they are not considered, as the bill was stricken for reasons stated in the opinion.

WALTER S. SMITH, for appellant.—The court erred in overruling plaintiff's demurrer to plea 2.—Section 3295, Code 1896. The court erred in overruling plaintiff's demurrers 1 and 2 to plea 3.—*McAfee v. Glen Mary Coal Co.*, 97 Ala. 709; *Carmlich v. Mims*, 88 Ala. 335. The court erred in overruling the 4th ground of demurrer and the 8th ground of demurrer to pleas 6, 7 and 10.—*Massman v. Holscher*, 49 Mo. 87; *Jones v. Shaw*, 67 Mo. 667; *Hargrave v. Melbourne*, 86 Ala. 270;

*Garner v. Fite,* 93 Ala. 404; *Bomar v. Rosser,* 131 Ala. 218; *Dexter v. Orlando,* 93 Ala. 441. The court erred in overruling the 8th ground of plaintiff's demurrer to plea 10.—*Garner v. Fite, supra; Bomar v. Rosser, supra; Dexter v. Orlando, supra.* If the contract was fair and free from fraud the least consideration will support it.—*Wood v. Craft,* 85 Ala. 260; *Maul v. Vaughan,* 45 Ala. 134; *Judge v. Wilkins,* 19 Ala. 765; *Hoot v. Surrell,* 11 Ala. 386. The burden is upon the party affirming a want or failure of consideration.—*Bray v. Comer,* 82 Ala. 183; *Martin v. Foster,* 83 Ala. 213; Section 1800 Code 1896. Parol testimony is not admissible to vary, add to or contradict a contract in writing.—*Thomason v. Dill,* 30 Ala. 444; *Carter v. Beck,* 40 Ala. 399; *Melton v. Watkins,* 24 Ala. 433; *Garner v. Fite, supra.*

WHATLEY & CORNELIUS, for appellee.—Counsel cite Local Acts, 1898-9, p. 178, and rule of practice in inferior court No. 30, p. 1200, Code 1896, on motion to strike bill of exceptions.

DOWDELL, J.—It appears from the transcript in case that what purports to be a bill of exceptions was signed by the presiding judge after the adjournment of the court at which the case was tried, and after the expiration of the time fixed by order of the court in term time, but within the extension granted by the judge in vacation. Under section 17 of the act creating the Clay county court (Acts 1898, pp. 183, 184), the court, and not the judge, is authorized to grant extension of time for signing bills of exceptions. It follows that the motion to strike the bill of exceptions must prevail.

The plaintiff interposed demurrers to the first, second, third, sixth, and tenth pleas, which were overruled by the court. The fourth and eighth grounds of demurrer, which are mainly insisted on in argument, challenge the pleas as an attempt to vary a written contract by parol evidence. These grounds are evidently addressed to the sixth, seventh, and tenth pleas. This is a misconception of the pleas. These pleas go to the consideration of the note sued on, averring a want or failure of consideration of the same, and do not, as is sup-

posed, attempt to alter or vary the terms of the note or contract sued on. The other grounds of the demurrer are general.

Other assignments of error relate to rulings which can only be presented for review by a proper bill of exceptions, which, as we have seen above, has not been done in this case.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.