# Elder, *et al.* *v.* Jones.

*Ejectment.*

(Decided Dec. 21, 1909. 51 South. 313.)

*Bills of Exceptions; Signing; Time; Orders Extending.*—An extension of time to sign a bill of exception not made until after the expiration of the original time granted is inoperative and a bill signed under such. circumstances under the extended time, is void. (Anderson and Mayfield, JJ., dissent.)

[Elder, et al. v. Jones.]

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Ejectment by Mrs. Elizabeth Elder and others against C. C. Jones. From a judgment for plaintiff defendant appeals. Affirmed.

R. G. HOWLAND and E. M. OLIVER, for appellant. Counsel discuss the merits of the appeal based upon exceptions taken by bill of exceptions with citation of authority in support of their contention. They insist that the bill of exceptions was signed properly.—Acts 1898-9, p. 178.

WHATLEY & CORNELIUS, and E. J. GARRISON and D. H. RIDDLE, for appellee. The bill of exceptions should be stricken on the authority of *Dial v. McKay*, 43 South. 218. Sec. 3019, Code 1907.

MAYFIELD, J.—The motion to strike the bill of exceptions in this case cannot prevail. The motion is rested solely upon the ground that the bill was not signed within the time required by law. The time was regularly extended within which the bill might be signed, and it was in fact signed within the time as regularly extended, as prescribed by the rules of the court and the statutes regulating the same. It is, however, claimed by appellee the movant, that the orders extending the time in which the bill could be signed were made by the presiding judge, and not by the court, as required by the special and local statutes regulating the extensions of time in which bills may be signed by the judge of the particular court of Clay county. The provision of the statute in question reads as follows: "And all bills of exceptions shall be presented to and signed by the judge of said county court within thirty days after the trial of

[Elder, et al. v. Jones.]

the cause, unless such time be extended by order of the court, entered in the cause, or by agreement of counsel, in writing filed in the cause."—Acts 1898-99, p. 184, § 17.

The various orders complained of, extending the time in which the bill of exceptions might be signed, appear as a part of the record, are a part of the judgment entry, and appear to have been made during the term time of the court, and thus appear to have been orders of the court, and not the mere orders of the judge in vacation, as distinguished from the orders of the court during vacation. Being orders of the court during term time, they need not have been signed by the judge as judge or as the court. The mere fact that they were signed by the judge as such judge did not prevent them from being orders of the court, nor make them those of the judge. The facts of the case are therefore different from the facts in the case of *Dial v. McKay,* 150 Ala. 118, 43 South. 218. In that case the order of extension was made by the judge in vacation, and not by the court in term time, as in this case.

The action is statutory ejectment. James B. Jones was the common source of title through which all parties claim the land in question. The plaintiffs are the widow and children of D. A. Jones, deceased. They claim under their quarantine and homestead rights, as well as heirs of D. A. Jones, deceased. The complaint shows that the land in question was the homestead of D. A. Jones during his life and at his death, that plaintiffs are his widow and minor children, that the land in question was the only land owned by D. A. Jones at the time of his death, and that it was less than 160 acres in extent. The defendant filed interrogatories to the plaintiff Elizabeth Elder, the mother of the other plaintiffs, seeking to have her disclose, among other things, the source

and character of her title. She answered these interrogatories, but not within the time required by the statute, nor in the manner desired by the defendant. The defendant moved the court to dismiss plaintiffs' action for failure to answer the interrogatories within 60 days, as required by the statute, and for not answering same fully. After the said motion had been argued, the court announced that he would continue the case, and allow plaintiff additional time to answer the interrogatories, but would tax her with the costs of the term, or the parties could go to trial on the case as it stood, and he would confine the plaintiff to her claim and the evidence of title as set out in her answers. Plaintiff's attorney announced he would go to trial under the conditions imposed by the court. Thereupon issue was joined between the parties upon their plea of "not guilty."

The plaintiff offered in evidence a deed purporting to be executed by the heirs at law of James B. Jones, the common source of title. The deed purported to have been executed August 28, 1884. It purported to be signed by all the heirs of James B. Jones, except D. A. Jones, who was the grantee. The deed was not acknowledged, but attested by four witnesses. The plaintiff, before offering the deed in evidence, introduced one of the attesting witnesses, C. V. Riddle, who testified that it was agreed between most all the heirs of James B. Jones that they would deed the land to D. A. Jones, in consideration that he would take care of and provide for their mother; that this was discussed and agreed upon, and that one Reynolds wrote out the deed, and that witness saw six of grantors sign it, and that they signed it in his presence as an attesting witness; that they exhibited the deed to him and delivered it to the grantee; that it was then agreed that the deed should be carried to the other heirs and they should sign it thereafter.

Plaintiff offered to prove the signatures of the two re-
maining grantors, whom the witness Riddle did not see
sign it, when it was admitted by defendant that these
two parties signed the deed, and that he would make no
point as to the signatures of those two witnesses. The
plaintiff then offered the deed in evidence, first, as a
muniment of title, and, second, as color of title. The
court, on defendant's motion, declined to allow the in-
troduction of the deed for any purpose to which ruling
the plaintiff duly excepted.

In this the court was clearly in error. The deed was
an ancient document, more than 30 years old, and was
therefore admissible without proof of its execution.
Aside from this, the execution was sufficiently proven.
There is nothing in appellee's contention that there was
no delivery. All the evidence showed a sufficient de-
livery.

The court also clearly erred in giving the general af-
firmative charge for the defendant. Plaintiffs had
shown an adverse possession in themeslves for more
than 10 years, which would ripen into title certainly
against the defendant, who went into possession as a
tenant of plaintiffs, and was trying to hold after the
termination of the lease. Under the facts in this case
he certainly should not be allowed to dispute plaintiffs'
title in this action.

DOWDELL, C. J., and SIMPSON, MCCLELLAN, SAYRE,
and EVANS, JJ., are of the opinion that the bill of excep-
tions was not signed within the time provided by the
statute; that the orders extending the time for signing,
being made at a subsequent term of the court, were not
efficacious; and that the bill of exceptions must be
stricken on appellee's motion, on the authority of *Dial
v. McKay*, 150 Ala. 118, 43 South. 218. There being no

[Alabama State Land Co. v. Hogue.]

errors assigned, except those based on the bill of exceptions, the case must be affirmed.

Affirmed.

ANDERSON and MAYFIELD, JJ., dissent.