# Central of Georgia Railway Co. v. Ashley, *pro ami.*

*Damages for Personal Injury.*

(Decided April 29, 1909.  49 South. 388.)

1. *Pleading; Demurrer; Amendment; Refiling.*—Where demurrers are interposed to pleading, and the pleading is amended before action on demurrer, in order to be available, the demurrer should be refiled to the amended plea.

2. *Appeal and Error; Matters Not in the Record.*—Where the record fails to show the demurrer to the amended pleading, this court cannot on appeal review the judgment overruling the demurrer.

3. *Same; Proceedings Below; Necessity for Exception.*—Where a ruling on demurrer to the complaint was not excepted to at the time

[Central of Georgia Railway Co. v. Ashley, pro ami.]

it was made, such ruling cannot be made the ground of motion for a new trial in order to review such ruling on appeal.

4. *Bills of Exception; Time of Signing; Montgomery City Court.*— Under the practice act of the Montgomery City Court (Acts 1900-01, p. 830), a bill of exceptions not signed within thirty days from the trial or within the time fixed by an order of the court, cannot be considered for the purpose of reviewing rulings at the trial; but a bill of exceptions signed within the time fixed by an order made by the court within thirty days from the action of the court on motion for a new trial, will be considered on appeal to determine the propriety of the court's action on the motion for new trial.

5. *Trial; Directing Verdict.*—Where there is a conflict in the evidence as to material matters, the general affirmative charge should not be given.

6. *New Trial; Grounds; Surprise.*—Where one party is surprised at the evidence introduced by the other, the proper course is an application for a continuance, and a failure to make a motion for such continuance robs him of the right to new trial on account of such surprise.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Aileen Ashley by her next friend against the Central of Georgia Railway Company, for damages suffered while a passenger on said road. From a judgment for plaintiff defendant appeals. Affirmed.

CHARLES P. JONES, W. F. THETFORD, JR., and J. B. JONES, for appellant. Counsel discuss the demurrer to the complaint and cite authorities in support of their contention. They insist that counts 5 and 7 did not state a cause of action, and cite in support thereof.— *Southern Ry. Co. v. Bunt*, 131 Ala. 591; *Central of Ga. Ry. Co. v. Freeman*, 134 Ala. 354. Section 3333, Code 1896. The appellee bases the suit on a duty which the defendant did not owe to her.—*Page v. N. Y. C. R. R. Co.*, 6 Duer 523; *Barker v. N. Y. C. R. R. Co.*, 24 N. Y. 599; *T. & P. R. R. Co. v. James*, 15 L. R. A. 347; *A. G. S. v. Carmichael*, 90 Ala. 19. Counsel discuss charges given and refused with citation of authority in support of their contention.

[Central of Georgia Railway Co. v. Ashley, pro ami.]

HILL, HILL & WHITING, for appellee. On the motion to strike bill of exceptions because not signed as required as by law, counsel cite Acts 1900-01, p. 830, Rule 30, Cir. Ct. Prac.; *Abercrombie, et al. v. Vandiver,* 140 Ala. 228; *Arnett v. Western R. R. of Ala.,* 39 South. 775; *Western Ry. of Ala. v. Russell,* 39 South. 311. The demurrers to counts 5 and 7 were not shown by the record, and hence, will not be considered. Counsel discuss charges given and refused, with citation of authority.

DOWDELL, C. J.—The judgment shows that the complaint was amended, and that the demurrer to the complaint as amended was overruled. This is the only ruling on demurrers shown by the record. It does not appear what the demurrer was to the complaint after amendment. When demurrers are filed to pleadings, and before action on the demurrers the pleadings are subsequently amended, in order to have the benefit of the demurrers, the same should be reinterposed to the pleadings as amended. The record not showing what the demurrer was to the amended complaint, we cannot review the action of the court in overruling the same. For aught that we can tell the demurrer was general.

What purports to be a bill of exceptions in the transcript was not signed within 30 days after the trial of the cause, nor within a time fixed by any valid order of extension, as required by the practice act for the city court of Montgomery.—Acts 1900-01, p. 830, § 10. The motion to strike the bill must therefore prevail.—*Arnett v. Western Railway of Alabama,* 39 South. 775; *Western Railway of Alabama v. Russell,* 144 Ala. 142, 39 South. 311.

While the bill of exceptions may not, for the reasons above stated, be looked to and considered in respect to rulings of the court on questions arising on the main

[Central of Georgia Railway Co. v. Ashley, pro ami.]

trial, still it may be considered in reference to the action of the trial court in overruling the motion for a new trial, since the bill was signed within a time fixed by a valid order of the presiding judge, made within 30 days of the ruling on said motion as authorized by the practice act above cited.

The refusal of the court to give certain written charges requested by the defendant is, among other things, made ground of motion for a new trial. The writer is of the opinion that this is a matter which should be presented for review on appeal, by a legal bill of exceptions taken on the main trial, and not on a motion for a new trial. I say this because to permit such a practice enables a party to evade the requirements of the statute as to the manner and time of taking bills of exceptions on the trial of causes. Indeed, it operates, in my opinion, to emasculate the statute as to the time of signing bills of exceptions reserved on the trial. Unless an exception is legally reserved to the giving or the refusal of a charge, the ruling of the court cannot be subsequently made a ground of motion for a new trial, to the end of reviewing the court's action on appeal.—*Stewart v. Guy*, 138 Ala. 176, 34 South. 1007; *McLendon v. Bush*, 127 Ala. 470, 9 South. 56; *Tobias v. Triest*, 103 Ala. 665, 15 South. 914. I am aware, however, that there are cases of ours in which the practice has been permitted; but, be that as it may, in the present case the charges which counsel for appellant urge in argument as having been erroneously refused to the defendant, and which were set out in the motion for a new trial, were general charges in favor of the defendant. A review of the evidence had on the trial, and which is set out in the bill of exceptions, discloses material conflicts in the testimony of witnesses. In such a case it is never proper for the court to give the general affirmative charge.

In regard to the newly discovered evidence, which is made a ground of the motion for a new trial, requisite dilligence on the part of the defendant is not shown against its failure to produce the evidence on the trial. Moreover, if the defendant was surprised by the testimony of plaintiff, the proper course was to apply for a continuance.—*Simpson v. Golden,* 144 Ala. 336, 21 South. 990.

The verdict was neither opposed to the charge of the court, nor contrary to the evidence. Nor do we think, under all the circumstances, if the jury believed the evidence of the plaintiff (and apparently they did), that the verdict was excessive. What was said in the case of *Central of Georgia Railway Company v. F. E. Ashley,* 159 Ala. 145, 48 South. 981, on this question, is apposite here.

It follows from what we have said that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.