# St. Louis & San Francisco R. R. Co. *v.* Brantley.

## Damages for Injury to Employee.

(Decided July 6, 1910.　53 South. 305.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that defendant's superintendent, naming him, while in the exercise of superintendence, and while plaintiff was assisting to unload a heavy piece of machinery from a car by means of skids or long pieces of timber, negligently allowed or caused one of the pieces of timber to break, causing the machinery to fall upon plaintiff to his injury, was sufficiently specific to apprise the defendant of the nature of the cause of action; the averment of superintendence entrusted. implying the duty of the superintendent to care for plaintiff's safety in the use of the timbers.

2. *Same.*—A complaint framed under the Employer's Liability Act for injury to a servant must allege a contractual relation between the employer and the servant.

3. *Same; Contributory Negligence; Statement of Fact.*—Although not required to be as specific as the proof to support it, a plea of contributory negligence should state succinctly the facts upon which it is based, or the facts relied on.

4. *Same; Contract of Employment; Misrepresentation.*—A material misrepresentation made by a servant in his contract of employment, material to the contract, made with the intent to deceive and which did deceive, deprives him of the benefit of the Employer's Liability Act.

5. *Same.*—In a suit to recover for injuries under the Employer's Liability Act, it cannot be said as a matter of law that plaintiff's misrepresentation in his contract of employment that he was twenty-one years of age, was not material to the contract.

6. *Same; Effect.*—Unless his immaturity immediately contributed to his injury the misrepresentation by a servant as to his age in his contract of employment with a railroad company does not affect his right to recover for injury.

7. *Same; Duty to Warn.*—Unless he is known to be immature or inexperienced, the master or his superintendent is under no duty to warn the servant of the dangers of the service which are not concealed, but which are open to a person of ordinary experience and observation.

8. *Same; Evidence.*—In the absence of the allegation that the superintendent of the work had knowledge of the inexperience of the servant, the servant could not produce testimony that he had never helped to unload a machine out of a car, the action being for injuries from the breaking of a skid while unloading machinery.

9. *Same; Instruction.*—Where the action was for injury to a servant alleged to have been caused by the negligence of the superintendent, a charge asserting that if it was dangerous to the servant to perform the service about which he was engaged when injured, and that the danger of being hurt in the manner he received his injuries was open and obvious to him and was an ordinary risk of his service, the verdict must be for the defendant, was properly refused as tending to mislead the jury, to conclude that the servant assumed the risk of the superintendent's negligence.

10. *Evidence; Opinion Evidence; Facts or Conclusions.*—Where the injuries were alleged to have been caused by the breaking of a piece of timber used as a skid for unloading the machinery, a witness might be asked as to what was the timber used, and whether the piece that broke was sufficient for unloading the machinery, and how large a piece should have been used as the statement of collective facts and not as seeking expert opinion.

11. *Bill of Exception; Time of Signing; Motion for New Trial.*— Where the original case was tried on Nov. 11, 1908, and within thirty days thereafter a motion for new trial was regularly entered and regularly continued until the 1st day of March, 1909, when it was overruled, a bill of exceptions presented to and signed by the presiding judge on April 15, 1909, was presented and signed in time for use in a review of the motion denying new trial.

(Sayre and Simpson, JJ., dissent in part.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Joseph Brantley against the St. Louis & San Francisco Railroad, for damages for injuries received while engaged in the service of the master. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The substance of the complaint sufficiently appears from the opinion. The following are the pleas referred to in the opinion: 5. For further plea and answer to the complaint and to each count thereof separately and severally, defendant says that plaintiff was himself guilty of negligence which proximately contributed to his said injuries in this; that he negligently allowed said machine to fall upon him. C. For further plea to each count of the complaint separately and severally, says that said Joseph Brantley was himself guilty of negligence which proximately contributed to his said injuries in this; that said Brantley negligently caused or allowed the said machine to become tilted, or to slide on one side of said skid in such wise that the weight was not evenly distributed on same, but bore down with dangerous weight on the skid or broad near him, breaking same, and was injured as aforesaid. The 4th plea is as follows:

"And for further plea and answer to each count of the complaint, separately and severally, defendant avers that said plaintiff applied for and obtained employment by the defendant a short while, to-wit: a few days before said accident; that in obtaining said employment the plaintiff stated he was of age, and that such representation was false; that the same was a material representation, and was relied on by defendant in putting plaintiff at work; but defendant avers that said representation was false, and was false as of the date of said injury: wherefore, defendant avers that it owed no duty to plaintiff as an employee."

[St. Louis & San Francisco R. R. Co. v. Brantley.]

Plea "A" was as follows:

"And for further plea and answer to the complaint and to each count thereof, defendant avers that plaintiff, Jos. Brantley, applied for and obtained employment from defendant a shirt while, to-wit: a few days before said accident; that defendant, in and about the services for which plaintiff was engaged, employed no minors knowingly, and that such fact was stated to plaintiff, the said Jos. Brantley, upon his applying for said employment; that plaintiff, said Joseph Brantley, thereupon stated to the agent or agents of defendant entrusted with the matter that he was of legal age; that such statement was a material representation, made knowingly by plaintiff, with knowledge of its falsity and intended to deceive; that defendant, as aforesaid, was deceived thereby and acted on said representation in employing plaintiff; and defendant avers that said Joseph Brantley, was, at the time of such employment and of such injury, a minor, and that defendant had no knowledge or notice of his said minority; wherefore, defendant prays the judgment of this court whether it owed said Jos. Brantley any duty as an employee."

CAMPBELL & JOHNSTON, for appellant. The court erred in sustaining demurrers to pleas 4 and A.—72 Ala. 1.; *Fitzmaurice v. N. Y. & N. H. R. R. Co.*, 78 N. E. 418; *Way v. C. R. I. & P. R. R. Co.*, 28 Am. Rep. 613; *Louisville, etc., Ry. Co. v. Thompson*, 107 Ind. 442; *N. & W. Ry. Co. v. Bondurant*, 15 L. R. A. (N. S.) 443; *Boston I. Co. v. Potter*, 123 Mass. 28; *Sullivan v. L. & N.*, 128 Ala. 77; *Al. G. S. v. Yarbrough*, 83 Ala. 241; *Humphries v. Perry*, 148 U. S. 627. The court erred in overruling demurrers to the 1st count.—*L. & N. v. Jones*, 130 Ala. 457; 29 Cyc. 570. The court erred in the admission of the evidence objected to relative to

the character of the timber.—*Decatur Co. v. Mehaffey,* 128 Ala. 254; *L. & N. Tegney,* 125 Ala. 66. The court erred in permitting it to be shown that plaintiff had never assisted in unloading a machine before.— *Suddeth v. The State,* 124 Ala. Counsel discuss the application for new trial but without citation of authority.

JERE C. KING, for appellee. The bill of exceptions should be stricken.—Sec. 3019, Code 1907. There was no error in sustaining demurrer to pleas 4 and A.—*L. S. & M. S. Ry. Co. v. Baldwin,* 18 Ohio C. C. Rep. 338; 41 Mich. 191; 26 Cyc. 1080. Counsel discusses other matters assigned but without citation of authority.

SAYRE, J.—Count 1 of the complaint is not so blindly general in its allegation of negligence as the argument for appellant would indicate. A fair reading of it shows a charge that defendant's superintendent, Dorman, while in the exercise of superintendence, and while plaintiff was engaged in helping to unload a heavy piece of machinery from a car over skids or long pieces of timber, negligently caused or allowed one of said skids or pieces of timber to break, thus causing the piece of machinery to fall upon plaintiff to his injury. The averment of superintendence intrusted to Dorman implied his duty to care for plaintiff's safety as affected by the use of the skids or timbers, and under a long line of decisions in this state fairly and sufficiently apprised the defendant of the nature and cause of the action it was summoned to defend.—*Williamson Iron Co. v. McQueen,* 144 Ala. 265, 40 South. 306. The complaint was that the plaintiff had been injured by the falling of a heavy piece of machinery upon him. The averment of the fifth plea that "plaintiff neg-

ligently allowed said machine to fall upon him" was
clearly nothing more than a bare conclusion. Under the
rule obtaining here, greater particularly is required in a
plea than in the complaint. But pleas 3, B, and C, de-
murrers to which were overruled, illustrate the fact
that no rule has been formulated in respect to the aver-
ment of contributory negligence which makes a plea of
that nature impossible or even extraordinarily difficult
in cases where the defense exists in fact. An averment
of contributory negligence is not required to be as spe-
cific as the proof which may be necessary to support it.
The statutory requirement is that there must be a suc-
cinct statement of the facts relied on in bar. It oc-
casionally happens that from the facts as they are, and
of consequence as they must be alleged, different minds
may reasonably draw different conclusions, and in such
case it is the office of the pleader to state the facts suc-
cinctly and to draw the conclusion necessary  to  the
maintenance of the defense. In this connection,  the
averment that the act put forward as constituting con-
tributory negligence was negligently done is not with-
out avail, as a casual reading of the common-law pre-
cedents in Chitty on Pleading will show. No require-
ment of particularity more exacting than the rule at
common law has been adopted here. But no mere word
of conclusion has been allowed to excuse the absence
of at least a succinct statement of the facts. Plea 5
was bad.

The complaint is framed in all its counts under the
employer's liability act. It is clear that, under the
statute and under the complaint as it is framed, plain-
tiff's right of recovery depends upon his ability to es-
tablish the existence of the contractual relation of mas-
ter and servant between himself and the defendant.
That relation depended upon contract. Certain pleas

[St. Louis & San Francisco R. R. Co. v. Brantley.]

set up the defense that this alleged relation arose out of a contract which was imposed upon the defendant by the fraud of the plaintiff in misrepresenting his age. Fraud was thus laid at the root of plaintiff's case. The ruling in the trial court seems to have proceeded upon the theory that so long as the plaintiff was doing work of which the defendant got the benefit, he was entitled to the protection of the statute, however fraudulent and vicious may have been the means resorted to by the plaintiff in order to induce the defendant to enter into the contractual relation. Where one sues a common carrier for injury received while a passenger, the doctrine of the decided cases is that he cannot recover when it is made to appear that the ostensible relation between the parties is founded upon the fraud of the passenger. A relation so induced cannot be set up against the carrier as a basis of recovery.—*Fitzmaurice v. N. Y. N. H. & H. R. R. Co.*, 192 Mass 159, 78 N. E. 418, 6 L. R. A. (N. S.) 1146, 116 Am. St. Rep. 236; *Way v. Chicago, R. I. & P. R. R. Co.*, 64 Iowa, 48, 19 N. W. 828, 52 Am. Rep. 431; *Toledo W. & W. Ry. Co. v. Harvey Beggs*, 85 Ill. 80, 28 Am. Rep. 613; *Louisville, etc., R. R. Co. v. Thompson*, 107 Ind. 442, 8 N. E. 18, 9 N. E. 357, 57 Am. Rep. 120. This is the doctrine of the cases generally, and it is based upon reason and good morals. In *A. G. S. R. R. Co. v. Yarbrough*, 83 Ala. 238, 3 South. 447, 3 Am. St. Rep. 715, this court appears to have recognized the principle in its application to a person claiming to be a passenger, and in a recent case it was expressly declared.—*Broyles v. Central of Ga. Ry. Co.*, 166 Ala. 616, 52 South. 81. My own judgment is that a just application of the general principle involved in the cited cases—that no right can arise out of a fraud—must result in a decision of the question at issue contrary to the appellee's con-

tention.   I would not, however, be understood as declaring that every misrepresentation made by one applying to an employer for employment so vitiates the ensuing contract as to deprive the employee of the benefit of the statute.   To have that effect the misrepresentation must be material to the contract, must be made with the intent to defraud, and must deceive.   It cannot be said as matter of law that the plaintiff's alleged representation that he was 21 years of age was not material to the contract of employment entered into by him and the defendant.   There are considerations of great weight which might well induce a railroad company to refuse to employ minors.   In *Norfolk & Western R. R. Co. v. Bondurant*, 107 Va. 515, 59 S. E. 1091, 15 L. R. A. (N. S.) 443, 122 Am. St. Rep. 867, plaintiff's intestate, while acting as a student fireman on the defendant's road, was killed under circumstances which, it was conceded, as against a passenger or an employee, would have constituted actionable negligence.   Authorities were cited to show that in the ordinary case a student fireman is entitled to the status of an employee.   But plaintiff's intestate had obtained the privilege of riding upon the engine by a fraudulent misrepresentation of his age, and in violation of a rule of the company known to him.   The court observed:  "The law is settled that it is one of the primary nonassignable duties of a corporation with a large number of  employees performing difficult and dangerous duties to prescribe and promulgate rules for their government.   In the performance of its duty, the Norfolk & Western Railway Company adopted a rule prohibiting the employment of infants under 21 years of age without the consent of parents or guardian.   It is a reasonable and salutary rule, from whatever point of view it may be considered.   It shields and safeguards the infant from  the conse-

quences of his inexperience and temerity, and it promotes the safety of the public by securing mature and efficient employees for the discharge of the dangerous and difficult duties pertaining to a common carrier of passengers and freight. It would be a hard measure of justice to hold a company responsible, on the one hand, for failing to prescribe rules, and, on the other, to refuse to protect it from the consequences of the violation of reasonable and proper rules adopted and promulgated in the discharge of the duty imposed by law." And it was held, there being no evidence that the injury was inflicted wantonly or intentionally, that the plaintiff could not recover. If the requirement was in practice more than a form, if it was seriously insisted upon as a material consideration in the making of the contract of employment in the plaintiff's case, and if the plaintiff procured his employment in actual fraud of the defendant's regulation, I find myself unable to affirm on any recognized principle of justice that a right of recovery under the statute might arise in his favor out of a contract so fraudulently imposed by him upon the defendant. We have been unable to consult the case of *L. S. & M. S. Ry. Co. v. Baldwin,* cited by appellee from 19 Ohio Cir. Ct. R. 338. So much of it as we find quoted in the brief shows that the judge recognized the difficulty of the position taken. On the view we have of that case, the plaintiff's right to recover seems to me to have been based largely upon the proposition that the misrepresentation there under the peculiar circumstances there adverted to did not in fact deceive the defendant company. The court also seems to have entertained the opinion that the lapse of a number of years during which the plaintiff had remained in the service of the defendant was of some consequence. It is reported to have said: "It appears that the rep-

resentative of the company, the yardmaster's clerk, to whom he applied for employment, knew either by his appearance or by information that Glenn Baldwin was not of age, and the first suggestion that Baldwin misrepresented his age came from the clerk of the yardmaster to whom Baldwin made his application for employment. Although Davis had no authority to waive any rules of the company, he had authority to receive Baldwin's application for employment and to propound to him such questions as were required by the railroad company. Baldwin entered into the employment of the company under these circumstances. He made no attempt to deceive the agent of the company to whom he made his application, but did state his age falsely to the company in the writing he signed. He remained in the employ of the company and its service, performing his duties and receiving his wages, for a period of nearly three years." The consideration first stated showed, no doubt, a correct disposition of the case. So far as the second is concerned, I am ready to concede that, if an employee reaches the age of 21 years during the employment, the false representation that he was of age at the beginning of the employment becomes thereafter immaterial to the purpose served by the employer's rule, and so immaterial to the employer's liability for subsequent injury as affected by the rule. Such, of course, would also be the case where the employee is retained in the service after discovery of his nonage. But a majority of the court, consisting of DOWDELL, C. J., and ANDERSON, McCLELLAN, and MAYFIELD, JJ., prefer to follow the Supreme Court of Kansas which held in the recent case of *Lupher v. A. T. & S. F. Ry. Co.*, 81 Kan. 585, 106 Pac. 284, following the case reported in 19 Ohio Cir. Ct. R. 338, that the fraud in a case of this nature does not affect plaintiff's claim for compen-

[St. Louis & San Francisco R. R. Co. v. Brantley.]

sation unless his immaturity immediately contributed to the injury.

SIMPSON, J., concurs with the writer in the conclusion that, if the averments of pleas 4 and A be true, two considerations stand in the way of plaintiff's recovery, namely: (1) The fundamental rule of law and morality that no right can be based upon fraud; (2) but for his alleged fraud plaintiff would never have been exposed to danger from negligence on the part of defendant's employees. In the consideration of the case down to this point Justice EVANS took no part.

Motion is made to strike the bill of exceptions as not having been signed within the time provided by statute. The cause was tried on November 11, 1908. Motion for a new trial was made within 30 days and continued regularly until March 1, 1909, when it was overruled. The bill of exceptions was presented and filed by the presiding judge on April 15, 1909. So far as the bill seeks a review of the action of the court in overruling the motion, it must stand. In the motion a number of rulings, to which exceptions were reserved on the trial, were assigned as grounds for a new trial. The alleged errors of the court in these several rulings are now assigned as reasons why there was error in overruling the motion for a new trial. Under the authorities, these alleged errors must be considered for the purpose of reviewing the action of the court in overruling the motion for a new trial.—*Ala. Midland v. Brown,* 129 Ala. 282, 29 South. 548; *Herzberg v. Riddle,* in MS. The practice here indicated was disapproved by Dowdell, C. J., in *Central of Ga. Rwy. v. Ashley,* 160 Ala. 580, 49 South. 388. But that case went off without a decision on the point. The motion to strike the bill of exceptions is overruled. It is said that the court should have given a charge in language as follows: "If

you believe from the evidence that it was dangerous for plaintiff to perform the service about which he was engaged when injured, and that the danger of being hurt in the manner he received his injury was open and obvious to the plaintiff and was an ordinary risk of his service, your verdict must be for the defendant." Plaintiff claimed in his complaint, among other things, that his injury had been caused by the negligence of defendant's superintendent in providing or directing the machine to be unloaded by the use of skids not sufficiently strong for the work. Some danger may be said to be incident to every service of that description, and it may be obvious and unavoidable. Of such danger the employee, in the ordinary case assumes the risk. But he does not assume the risk of the negligence of a superintendent whose duty it is to care for the safety of his subordinate co-employee. The charge, however, may be read as asserting. the contrary. Nor did the charge postulate the facts pleaded in plea "B". That plea, the only one in which the defense of plaintiff's assumption of risk was undertaken, averred plaintiff's knowledge of the danger or defect, and seems to have been aptly pleaded to counts 2 and 3 only. The charge does not deal with the defective insufficiency of the skids, but with the danger of being hurt in the manner in which plaintiff received his injury. That danger the jury may have attributed to the negligence of the superintendent, and the risk of that danger, as we have said, was not assumed by the plaintiff. We think the charge was refused without prejudicial error.

Plaintiff was allowed to ask a witness whether the skids which were being used to unload the piece of machinery were heavy enough for that purpose, what was the matter with the timber constituting the skids, whether or not the timber which was broken was large

enough for the piece of machinery to be unloaded on, and, finally, how large a timber ought to have been used to unload the machinery with safety. These rulings of the trial court are to be justified, not on the ground that the witness was an expert or that the matters inquired about required expert knowledge, as appellant assumes to have been the reason controlling the action of the court, but on the ground that the witness was testifying to collective facts. There have been many cases allowing questions of this sort. Thus in *Ala. Min. R. R. Co. v. Jones,* 114 Ala. 519, 21 South. 507, 62 Am. St. Rep. 121, a witness was permitted to testify that the place where the injury occurred was a dangerous place for the car to stop. That seems to be an extreme case. In *Eureka Co. v. Bass,* 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152, a witness was allowed to testify that certain holes, which had been charged with dynamite and made ready for explosion, were "properly charged." Other illustrations are to be found in *McVay v. State,* 100 Ala. 110, 14 South. 862; *Rollings v. State,* 136 Ala. 126, 34 South 349; *E. T. V. & G. R. R. Co. v. Watson,* 90 Ala. 41, 7 South. 813. The witness must not, of course, be permitted to decide the issue in controversy.—*L. & N. R. R. Co. v. Landers,* 135 Ala. 504, 33 South. 482; *Eureka Co. v. Bass, supra.* There was no error in allowing the questions indicated.

The court below allowed the plaintiff to testify that he had never before helped to unload a machine out of a car. The distinct tendency of this evidence was to impute wrongdoing to the defendant or its superintendent in failing to adapt and accommodate the degree of care exercised for plaintiff to his immaturity and inexperience. No such case was declared upon. Count 1 did not reach it. Where the danger of the service is not concealed, but is open to a person of ordinary experi-

ence and observation, the master or his superintendenc owes no duty to warn or instruct unless the servant is known to be inexperienced; that is, the master or his superintendent must know that the servant by reason of inexperience or immaturity is exposed to an abnormal hazard over and above those which he is presumed to contemplate as incidents of the employment for which he is engaged. The duty in the case put does not arise from the mere relation of master and servant—such duties as are alleged in the first count to have been breached—but from that relation plus a status of the servant which the master is not required to know. If it is to be proved, it must be alleged.—*Louisville & Nashville v. Wilson*, 162 Ala. 588, 50 South. 188; *Republic Iron & Steel Co. v. Williams, post*, 612, 53 South. 76. In this there was error, and for it a new trial should have been granted.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, McCLELLAN, MAYFIELD, and EVANS, JJ., concur.