The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.

# City of Montgomery *v.* Wyche.

*Action for Personal Injury on Account of Defective Street.*

(Decided Nov. 24, 1910. Rehearing denied Dec. 21, 1910.
53 South. 786.)

1. *Bills of Exceptions; Signing.*—The Act of Aug. 26, 1909, Acts 1909, p. 174, made no change in the practice act of July 29, 1907, Local Acts 1907, p. 544, except as to the provisions of section 9 thereof fixing the time for presentation of bills of exceptions, and a bill of exceptions in a trial in the circuit court of Montgomery which was presented and signed within the time prescribed by section 3019, Code 1907, is valid. (Construing sections 10 and 3019, Code 1907, in connection with Local Acts 1907, p. 544, regulating practice in the circuit court of Montgomery.)

2. *Municipal Corporations; Defective Streets; Injuries; Complaint.*—Where the action is against the city for injuries on account of defective streets a complaint which alleges that the city negligently permitted the street to remain out of repair and in a dangerous condition, is good as against demurrer although not alleging that the municipal authorities knew of the defect.

3. *Same; Contributory Negligence.*—Where a traveler in a street knew of an open ditch along its side and stopped the horse he was driving and in an attempt to release one of the lines which had gotten under the horse's tail, caused the horse to back the buggy into

[City of Montgomery v. Wyche.]

the ditch, causing his injury, he is not shown to be guilty of contributory negligence as matter of law.

4. *Same; Sufficiency.*—Where the action was for injury to a driver on a defective street, a plea alleging that he knew of the existence of a ditch along the street, that he stopped the horse he was driving and in an attempt to release one of the lines which had gotten under the horse's tail, he negligently caused the horse to back the buggy into the ditch, causing the injury, is sufficient to raise the issue of contributory negligence.

5. *Same; Evidence.*—Where the action was for injury to a driver on account of a defective street and at the time of the exclusion of the evidence there was no plea on file setting up contributory negligence on the part of the plaintiff in his failure to purchase a contrivance for his horse to prevent the lines from getting under his tail, and the plea of contributory negligence subsequently filed did not set up the failure to purchase such contrivance as contributory negligence, the evidence as to the plaintiff's failure to so purchase the contrivance was properly excluded.

6. *Same; Instructions.*—Where the action was for injuries to a driver on account of a defective street and the evidence showed without question that the street had been out of repair for many years prior to the injury, because of the maintenance of a ditch on the side, and that the plaintiff fell into the ditch, a charge asserting that it was the duty of the city to erect a barrier along the ditch, and its failure to do so was negligence, provided the ditch into which plaintiff fell was a dangerous place, was not erroneous as assuming facts.

7. *Same; Liability; Notice.*—Where a street had been out of repair for many years on account of the existence of a ditch on the side of it, there was presumption of notice to the city of the defect, and an opportunity to repair.

8. *Same; Jury Question.*—Under the evidence in this case, it was for the jury to determine whether a ditch along the side of the street was dangerous so as to require the city to erect a barrier.

9. *Damages; Personal Injury; Excessive.*—Where the damages awarded in a personal injury action may be accounted for on reasonable grounds without resort to hypothesis of prejudice or wrong motive, such course will be adopted and the verdict will not be set aside as excessive.

10. *Same; Evidence.*—While it may be competent to show that at the time of the injury a plaintiff had accident insurance indemnifying him against the consequences of the accident, it is not competent to inquire of his accident insurance at the time of the trial where the question is so framed as not to call for evidence of such insurance at the time of the accident.

11. *Evidence; Conclusion.*—One may not be required over objection to state his bare conclusion as to whether it was safe to drive along the street at the point where the accident happened when suing for damages for such accident.

12. *Same; Opinion Evidence.*—It was proper to exclude a question propounded to a physician not seeking for a fact of science or expert knowledge but for an opinion which the jury was as capable of forming as the physician.

[City of Montgomery v. Wyche.]

13. *Witnesses; Credibility.*—Where a witness testified that he was a Christian Scientist, but that he believed in the existence of physical pain, and that he had suffered pain as a consequence of the injuries received, it was not error, to exclude evidence as bearing on his credibility, that Christian Science taught that there was no such thing as pain, and that a Christian Science healer had advised plaintiff against consulting physicians.

14. *Pleading; Requisites.*—The office of a plea is to state the proposed defense in such a way as to inform plaintiff of the probable evidence which will be adduced in support of it, but it is not necessary that the plea should state the evidence itself, and while a bare conclusion is not sufficient, yet where the general facts are stated, the word, "negligently" is not without appropriate use.

15. *Negligence; Contributory Negligence; Defense.*—To be available the defense of contributory negligence must be specially pleaded.

16. *Same; Burden of Proof.*—The burden of proving contributory negligence rests on the party asserting it as a defense.

17. *Appeal and Error; Harmless Error; Pleading.*—Where the plaintiff testified to all the details of the accident, and was elaborately cross examined thereto, and before final submission to the jury, a plea of contributory negligence was interposed in modified form, and the cause submitted to the jury on such plea, any error in overruling a former plea was cured or rendered harmless.

18. *Same; Remarks of Court.*—Where the case was finally submitted to the jury on the plea of contributory negligence, the remarks of the trial court made at the time when no plea of contributory negligence was in the case, that the question of plaintiff's negligence was not to be considered, was not prejudicial.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by W. S. Wyche against the city of Montgomery for personal injuries caused by a defective street. Judgment for plaintiff in the sum of $10,000, and defendant appeals. Affirmed.

C. P. McINTYRE, for appellant. The demurrer to the complaint should have been sustained.—*City Council of Montgomery v. Wright,* 72 Ala. 411; Sec. 1272, Code 1907. Demurrers were improperly sustained to pleas 2 and 3.—*L. & N. v. Mothershed,* 110 Ala. 142; *McAdory v. L. & N.,* 109 Ala. 636. The court erred in its remarks to the jury that plaintiff's negligence was not material.—3 Mayf. 587. The court erred in excluding evidence as to the Christian Science belief as to

pain and suffering. It went to the credibility of the plaintiff.—*Ashley v. Martin,* 50 Ala. 537; *Loeb v. Richardson,* 74 Ala. 331; *Wall v. The State,* 78 Ala. 417; *Hussey's Case,* 87 Ala. 183. The court erred in excluding the evidence as to the accident insurance.—*Lowey's Case,* 98 Ala. 45; *Long v. Bowie,* 106 Ala. 570; *Bessemer v. Jenkins,* 111 Ala. 135. Defendant should have been permitted to ask on cross examination whether it was safe to drive along the road at the place of the accident.—*McAdory v. L. & N.. supra.* Under the plea of contributory negligence under which the case was submitted the defendant was entitled to the affirmative charge.—*Bryan v. Ware,* 20 Ala. 687; *Thompson v. Grace,* 42 Ala. 431. The charge given for the plaintiff assumed as true certain material facts, and its giving was error.—*Brown v. Newman,* 66 Ala. 275. The verdict was excessive and undoubtedly the result of prejudice against the defendant and should not have been allowed to stand.—*A. G. S. v. Burgess,* 119 Ala. 555; *So. Ry. v. Crowder,* 130 Ala. 265; 94 Pac. 1194; 89 Pac. 161; 101 N. Y. S. 507; 98 S. W. 1071; 74 S. W. 100. Sec. 3019, Code 1907, is a general law prescribing the time within which bill of exceptions may be presented and signed and hence, section 9 of the Practice Acts of the circuit court of Montgomery is violative of section 105 of the Constitution.—*Reese v. City of Montgomery,* 149 Ala. 188; *Forman v. Hare, et al.,* 150 Ala. 589. Said section is also violative of section 45 of the Constitution.—117 Ala. 543; 117 Ala. 569; 130 Ala. 148. It follows that such section has no application to the bill of exceptions in this case.

COLEMAN, DENT & WEIL, for appellee. Counsel insist that while section 3019, Code 1907, gives 90 days for the presentation and signing of the bill of excep-

tions,, yet, that sections 2 and 3 of the act adopted from the Code (General Acts 1907, p. 499) expressly provide that no acts passed after that date shall be repealed or affected in any manner by the adoption of the Code, and that the Practice Act of the circuit court of Montgomery was passed after the passage of the act adopting the Code and that section 9 of said Practice Act provides that bills of exceptions must be signed within 30 days, and hence, the bill of exceptions in this case was not presented and signed in time and should be stricken. They cite.—*Breden v. The State*, 88 Ala. 20; *South v. The State*, 86 Ala. 617; *Harrison v. Jones*, 80 Ala. 412. The complaint was not subject to the demurrer interposed.—*City Council of Montgomery v. Wright*, 72 Ala. 411; *Lord v. City of Mobile*, 113 Ala. 360; *Weems v. Weems*, 69 Ala. 104; Sec. 1273, Code 1907. The court properly sustained demurrers to pleas 2 and 3.—*Herndon's Case*, 100 Ala. 457; *L. & N. v. Markee*, 103 Ala. 160; *Johnson's Case*, 104 Ala. 241; *Postal T. Co. v. Hulsey*, 115 Ala. 194; *Osborn v. A. S. & W. Co.*, 135 Ala. 571. At the time that the remarks complained of were made by the court, the only plea in the case was that of the general issue and consequently there was no special matter of defense in and the remarks were proper.—*Petty v. Dill*, 53 Ala. 641. See also, 81 Ala. 234; 84 Ala. 259; 79 Ala. 388; 88 Ala. 557; 108 Ala. 656; 112 Ala. 347. Counsel discuss the assignments of error relative to evidence as to plaintiff's beliefs and conclude that they have no bearing on the issues. It was for the jury to determine whether the road was safe and the plaintiff could not substitute his judgment for their.—*City of Anniston v. Ivey*, 151 Ala. 392; *Bir. R. & E. Co. v. Jackson*, 136 Ala. 274; *W. Ry. v. Barnett*, 137 Ala. 414. Counsel discuss other assignments of error relative to evidence but without further

citation of authority. It was undisputed that for a good many years this ditch had remained open along the side of the street, and it was undisputed that the plaintiff's injuries were caused by a fall into the said ditch, hence, the charge given for plaintiff is not erroneous.—*Woods v. Mouton*, 129 Ala. 228; *Stevenson v. Wright*, 111 Ala. 579; *Byron v. The State*, 117 Ala. 80; *Simpson v. Talbert*, 25 Ala. 465. Under the conditions existing it was the duty of the city to erect barriers.—*Albritton v. City of Huntsville*, 60 Ala. 486; 15 A. & E. Enc. of Law, 455. This condition had existed for such a length of time as to establish a presumption that the city knew of its condition and duty to repair.—*City Council v. Wright, supra; Lord v. City of Mobile, supra; Albritton's Case, supra.*

SAYRE, J.—Judgment was entered in this cause on January 22, 1910. Thereafter, on April 14, the bill of exceptions was presented to the presiding judge, and the same was signed on May 7th, agreeably to section 3019 of the Code of 1907. Section 9 of the act prescribing rules of practice and procedure in the circuit court of Montgomery county, passed at the regular session of 1907, and approved July 29, 1907 (Loc. Laws 1907, p. 548), provided that all bills of exceptions relating to the trial of causes must be signed within 30 days after the day on which the issue, or issues, of fact to which the bill relates was tried, unless an extension of time be had by agreement of parties or an order of the judge. The fact that the bill of exceptions in the cause was signed after the lapse of the time provided by the local act is made the basis of a motion to strike the bill.

The Code of 1907 was adopted by the act approved July 27, 1907 (Gen. Laws 1907, p. 499), and became

operative on May 1, 1908.  Section 3019 of this Code re-
quires that bills of exceptions be presented within 90
days from the day on which judgment is entered, and
not afterwards, and must be signed by the judge with-
in 90 days after presentation.  It also provides that all
general, local, or special laws or rules of court in con-
flict with the section are repealed, abrogated, and an-
nulled.  Section 2 of the act adopting the Code con-
tained this provision:  "No act passed on or after the
ninth day of July, 1907, shall be repealed or affected in
any manner by the adoption of this Code.  A reading of
these several statutes makes it clear enough that, as for
anything to be found in them, the local act in reference
to rules of practice and procedure in the circuit court
of Montgomery must have controlled the signing of the
bill in this cause."  But on August 26, 1909, at a spe-
cial session of the Legislature, an act (Acts 1909, p.
174) was passed as follows:

"Section 1.  That the three printed volumes publish-
ed by authority of law in 1907, known as the Political,
Civil, and Criminal Codes, containing sections  1 to
7900, both inclusive, together with the rules of practice
of courts, be and the same are hereby adopted as the
Code of Alabama.

"Sec. 2.  That all acts of the Legislature, passed at
the special sessions of the Legislature, altering, amend-
ing or repealing either the sections of the Code, or the
acts of the Legislature passed at the general or special
sessions are unaffected by the adoption of this Code."

This act is to be accounted for in this way.  The act of
July 27, 1907, adopted as the Code the manuscript
which had been prepared by the commissioner, as re-
vised, amended, and corrected by the joint committee
of the two houses of the Legislature.  Section 3 provid-
ed that all acts of the then present session of the Legis-.

lature of a general nature, enacted on or after July 9, 1907, should be incorporated in the Code at appropriate places, so that every statute of a general nature, in force at the time of the publication of the Code, should be incorporated therein. Accordingly, a considerable number of enactments passed at the regular and a later intervening special session, some in the shape of amendments of sections of the Code, others in the shape of independent legislation, found places in the printed Code. But these enactments acquired no sanction by their presence in the Code, and question arose in respect to a number of them whether they had been passed in the manner required by the Constitution. Meantime also at special called sessions of the Legislature a number of the acts thus printed in the Code had been amended, and other general legislation enacted on subjects not treated by the Code or previous statutes. Thereupon was passed the act of August 26, 1909, which we have quoted. This last act of adoption enacted, as of its date, the Code as it had then been printed and as it now is, including section 3019, with its provision repealing all general, local, and special laws in conflict therewith. But in the same way section 10 was adopted a second time also. This section provides that "local, private, or special statutes * * * and those relating to the jurisdiction and practice of courts in any division, circuit, county, or other territory less than the entire state, are not repealed by this Code." This section, though dealing with the somewhat restricted subject of local laws and practice acts, deals with them as a whole, and not with their separable provisions, whereas section 3019 still further narrows the subject by dealing only with local laws and practice acts or so much of them as affects the time of presenting bills of exceptions. *Generalibus specialia derogant.* Both sections

are given a field of operation, a sound rule of statutory
construction is observed, and the legislative   purpose
is accomplished, by holding that the act of August 26,
1909, left the practice act intact except as to its provis-
ion concerning the time for presenting bills of excep-
tions.    That provision it repeals.    There is nothing in
the second section of the act of August 26, 1909, to af-
fect this conclusion.    The history of the second act of
adoption and the fact that general legislation, affecting
neither the Code nor intervening statutes previously en-
acted at the called sessions, was not in the Code, when
considered in connection with that clause of section 10
of the Code which, subject to certain provisions touch-
ing the swamp and overflowed lands, the public debt,
and institutions of learning, repeals all statutes of a
public, general and permanent nature not included in
the Code—these facts would indicate the necessity for
some special saving of the intervening general legisla-
tion enacted at the special sessions, and suggest persua-
sively that the second section of the act adopting the
Code the second time was written to meet that necessity
—to save general acts of the special sessions from the
influence of that part of section 10 which repeals gen-
eral laws not included in the Code.    There is no occa-
sion just now to say whether the purpose was not to
save general intervening legislation of every character.
It suffices to say that the practice act in question is
local in its operation, and there was no need for a sec-
ond saving clause as to it.    It was   expressly—except
with the proviso we have noted—saved by that part of
section 10 which deals with local laws.    The motion to
strike must therefore be overruled.

All the counts aver in substance that defendant neg-
ligently permitted the street to remain out of repair
and in a dangerous condition.    The demurrer was that

the municipal authorities were not alleged to have known of the defect. The demurrer was well overruled.—*Lord v. Mobile,* 113 Ala. 360, 21 South. 366, and authorities cited; *Ensley v. Smith,* 165 Ala. 387, 51 South. 343.

In advance of the trial defendant had filed special pleas 2 and 3, to which demurrers were sustained. To state the substance of the second plea briefly, it averred plaintiff's acquaintance with the alleged defect in the street, viz., an open ditch along by its side; that he stopped the horse he was driving shortly before he reached a railroad crossing; that in the attempt to release one of the lines, which had gotten under the horse's tail, plaintiff caused the horse to back the buggy in which he was into the ditch, thereby causing his own injury. The demurrer to this plea was well sustained. The conclusion of negligence by no means follows upon the facts alleged. They are all consistent with the exercise of due care on the part of the plaintiff. But plea 3 goes further. It alleges that in the attempt to get the line from under the horse's tail plaintiff negligently caused the horse to back the buggy into the ditch. The only possible objection to this plea is that the use of the word "negligently" involved the statement of a conclusion. The office of a plea is to state the proposed defense in a way to give plaintiff notice of the evidence which will be adduced in support of it. It is never necessary to state the evidence itself. No mere conclusion will suffice, but, where the general facts are stated, the word "negligently" is not without appropriate and effective uses.—*St. Louis & San Francisco R. R. Co. v. Brantley,* 168 Ala. 579, 53 South. 305, and *Pace v. L. & N. R. R. Co.,* 166 Ala. 519, 52 South. 52. It would carry the requirement of particularity of averment in pleas a long way to hold that this plea did

[City of Montgomery v. Wyche.]

not fairly inform plaintiff of the contemplated defense —a defense subsequently interposed and allowed by the court when the same plea, in substance, was amended so as to allege that in the effort to release the line "the plaintiff negligently jerked and pulled said line, thereby causing said horse to back" the buggy into the ditch. However this may be, in the peculiar circumstances of this case, no harm came to defendant by the ruling. After plaintiff had testified to all the details of the occurrence in which he was injured, and had been elaborately cross-examined, so that it cannot be imagined how he could have caused the horse to back into the ditch in the effort to release the line unless he jerked or pulled it, and after the evidence had been closed, the plea, in the modified form already stated, was again interposed, and the issue raised by it submitted to the jury for their decision.

Several counts of the complaint contained averments that at the time of his injury plaintiff was exercising due care, or that he was injured without fault or negligence on his part. In making his opening statement for the defense defendant's counsel said that the defendant relied, among other things, upon the plaintiff's contributory negligence. Plaintiff objecting to this statement, the court said that the question of plaintiff's negligence was not in the case, whereupon defendant reserved its exception. At that time the only plea on file was the plea of the general issue, demurrers to special pleas of contributory negligence having been sustained. The case finally went to the jury on a plea of plaintiff's contributory negligence, but, as we have already said, this plea was filed after the evidence had been closed. It is perfectly well settled in this state that the plaintiff's contributory negligence is distinctively a defense which must be specially pleaded, and that the bur-

den of proving it rests upon the defendant.—*K. C. M. & B. R. R. Co. v. Crocker*, 95 Ala. 412, 11 South. 262. In *M. & E. R. R. Co. v. Chambers*, 79 Ala. 338, this court said: "The plaintiff need not anticipate and negative its existence. And if he aver that the injury he complains of was caused by the negligence of the defendant, without any fault or neglect of duty on his part, this does not change the burden of proof as to such contributory negligence." The general issue does not put in issue any fact the burden of proving which is upon the defendant.—*Scarborough v. Blackman*, 108 Ala. 656, 18 South. 735. It follows that at the time this exception was reserved there was no issue joined as to plaintiff's contributory negligence, and the remark of the presiding judge (it was nothing more) was at the time literally true, and could not have prejudicially affected the defendant's case.

Plaintiff, as a witness in his own behalf, had testified that he was a Christian Scientist. Nevertheless he testified that he believed in the existence of physical pain, and that he had suffered pain as consequence of the injuries he had received. On cross-examination defendant proposed to ask the plaintiff whether Christian Scientism did not teach that there is no such thing as pain, whether pain did not exist in the imagination only, and whether Mr. Sykes, a healer, had not advised him against consulting the medical doctors, all which questions were supposed to go to the credibility of the witness. Whatever may be the doctrine of the Christian Scientists on this subject, we know that sensible bodies do suffer pain, and the examination was well stopped with plaintiff's avowed belief in the fact. Any transcendental religio-philosophical belief the plaintiff may have in general entertained in respect to the possible complete subjection of the material to the spiritu-

al did not affect his character for truth and veracity, nor did the entertainment of such speculative belief amount to an affirmance of fact contradictory to the plaintiff's evidence. The court properly refused to waste its time and energy, which belonged to the public, in the prosecution of the proposed inquiries.

The court sustained an objection to the question put to plaintiff by defendant: "Have you any accident insurance?" The court was justified in taking the question at its face value, and without indulging intendments in its favor. As the question was framed, it did not require the trial court to say, nor are we required to say, whether defendant might not prove that plaintiff had insurance, then outstanding, indemnifying him against the consequences of the accident in question such fact going to show, it may be, an additional interest and motive on plaintiff's part to misrepresent the manner of his injury and to exaggerate its results. But no other sort of policy could affect plaintiff's credibility. The question inquired about accident insurance generally as of the time of the trial. If such evidence was competent in any case, the ruling is to be approved on the ground that, as the question was framed, the court had a right to treat it as calling for immaterial matter.

Defendant proposed to ask plaintiff whether it was safe to drive along the road at the point where his mishap occurred. Plaintiff, no more than any other witness, could be required, over his objection, to state his bare conclusion or opinion as to the main fact at issue between the parties. He should have been asked for the facts, the conclusion being left to the jury.

The eleventh assignment of error is not well grounded. Plaintiff's fault—assuming for the moment that it was a fault—in failing to purchase a contrivance sold

[City of Montgomery v. Wyche.]

by harness dealers to prevent a horse throwing his tail over the lines, could have been pertinent only to a plea of contributory negligence. At the time of the ruling there was no such plea on file. The plea filed later had nothing to say on this fact.

The question propounded to Dr. Baker, the refusal to allow which is complained of, did not ask for a fact of science or expert knowledge, but for a judgment which the jury was capable of forming. There was no error in its refusal.

Various charges amounting to the general affirmative charge were refused to the defendant. They scarcely need detailed comment. They are founded upon the proposition that the plaintiff was as matter of law guilty of contributory negligence in the management of his horse. That was a question for the jury.

The court charged the jury on plaintiff's request in this language: "The court instructs the jury that if they believe from all the evidence that the open sewer or ditch into which plaintiff fell was a dangerous place, then it was defendant's duty to erect a rail guard or barrier along said sewer or ditch between said ditch and the traveled way of the street, and the defendant's failure to so erect a guard or barrier was negligence on the city's part." This charge assumed the existence of a number of facts, as that plaintiff had fallen into an open ditch in a street of the city, and that the municipal authorities, having reasonable notice thereof, had failed to provide a barrier for the protection of travelers along the street. But these facts were proved by the concurring testimony of a number of witnesses without contradiction. No reasonable inference to the contrary could be drawn from the evidence, nor was there any ground for a contention that they did not exist. Indeed, they do not seem to have been denied, nor are

[City of Montgomery v. Wyche.]

they here denied except in a pro forma way. It is true that ordinarily notice and reasonable time for repair are facts which rest in inference, but in this case the undisputed testimony showed that the street and the ditch had been in the condition in which they were at the time of plaintiff's injury for many years—a period of time which raised a presumption of notice and opportunity for repair.—*Lord v. Mobile, supra.* In the state of the evidence shown by this record it was permissible for the court, in stating the law to the jury, to assume these facts as proven, or to state them without hypothesis.—*Carter v. Chambers,* 79 Ala. 223. The charge did, however, leave it to the jury to determine whether the ditch constituted a dangerous place. On this last-named fact, hypothesized as found by the jury, and the other facts which, on the evidence, the court might without error assume to exist, the charge correctly stated the duty of the municipal authorities in the premises.—*Birmingham v. Lewis,* 92 Ala. 352, 9 South. 243.

The amount of damages to be awarded to the plaintiff was a matter for the jury. The assessment made by them is certainly comprehensible on reasonable grounds and without resort to the hypothesis of prejudice or wrong motive. On a review of the evidence with this question in mind, we are unable to say that the award was greatly excessive.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.