On Rehearing.
MAYEIELD, J.
[3] On application for rehearing a majority of the members of the court are of the opinion that the condition of the record is such that we cannot review the ruling of the trial court in overruling the demurrers to 'the amended or substituted complaint. This for the reason that the record fails to affirmatively show that the demurrers filed to the original complaint were refiled to the substituted complaint.
While the record does show a demurrer filed to the complaint and to each count thereof, the indorsement on the demurrer shows that it was filed before that of the substituted complaint, and hence of necessity must have been filed to the original complaint. The record fails to show that this demurrer, or any other, was refiled after the filing of the substituted complaint.' The minute entry, however, does show that the trial court overruled the demurrer to the amended or substituted complaint; but it does not show that the demurrer in the record, or any other, was refiled after the filing of the substituted complaint.
We therefore hold that we cannot review on this appeal the action of the court in overruling the demurr§r to the amended complaint.
The majority of the members of the court are of the opinion that this case cannot be distinguished from the cases of Cent. of Ga. Rwy. Co. v. Ashley, pro ami, 160 Ala. 582, 49 South. 388; Cooley v. U. S. S. & L. Co., 144 Ala. 541, 39 South. 515; B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013, and other cases cited therein.
The writer desires to state for himself that, in his opinion, this case can be distinguished from any of our former rulings on the subject for the reason there was an entire substitution of the complaint, and not an amendment, as was in most, if not all, of the other cases decided by this court. Moreover, there was no action taken by the court as to the original complaint or the demurrer thereto, otherwise than to allow the complaint to be substituted by a new one filed; and this for the reason there was no necessity of refiling the demurrer, it being just as apt and appropriate to the substituted complaint as it was to the original complaint, and being good against either, and the judgment entry affirmatively showing that the sufficiency of the substituted complaint was tested by the demurrer. I am of the opinion that these facts’ and circumstances distinguish the case in hand from our former rulings. The majority of the members of the court do not agree with me that it can be so distinguished, and I yield my personal views to those of the majority as it relates only to a matter of practice and procedure. Certainty and uniformity in the rules of practice and procedure are almost, if not quite, as great a virtue as correctness.
[4] On this application the court has also reached the conclusion that plea 4 stated a good defense to the action as stated in the complaint. This plea is as follows:
“Plea 4. Defendant avers that at the time of plaintiff’s injury he was assisting in building a walkway down from the top of the furnace known as furnace No. 2 at Shelby, Shelby county, Ala., that while so engaged in said work defendant avers that the stock in said furnace slipped, which caused gases to escape from the explosion doors on what is known as the down-comers, and defendant avers that, instead of remaining at the place assigned him to work, which was safe at said time, he the said plaintiff *82 negligently ran away from said place and into said gases, which caused his said injuries. Defendant avers that plaintiff’s negligence in leaving his said place of safety proximately contributed to his said injury.”
If the facts stated in this plea are true, and on demurrer they must he so treated, the plaintiff’s own negligence proximately contributed to his injuries; that is, but for his own negligence in leaving a safe place at which he was put to work and going to an obviously dangerous one, that is, where there were escaping gases, he would not have been injured. If this he true, of course, he could not recover. It is a plea of contributory negligence, and not of assumption of risk, and hence it is a good defense to any count based on simple negligence. It is therefore not subject to the criticisms applied to pleas of assumption of risk, as distinguished from pleas of contributory negligence.
On the original hearing we fell into error in treating the plea as if it showed that by reason of defendant’s negligence danger suddenly came upon plaintiff, which prevented his exercising reasonable care and prudence and excused his actions which would otherwise be negligence. The error in the opinion was that the plea did not show these facts necessary to excuse plaintiff for leaving his safe place. They appear in the record, but not in the plaintiff’s evidence, and not in the plea. A replication setting up these facts would probably be a good answer to the plea, and proof of them would disprove the averments of negligence; but, these facts not appearing in the plea, the answer was not availing by demurrer.
[5] The plea is not open to the objection that it states no facts, but mere conclusions; it does state facts, and it need not state the evidence by which the facts are to he proven. The office of a plea is to state the proposed defense in a way to give plaintiff notice of the evidence which will be adduced in support of it. It is never necessary to state the evidence itself. No mere conclusion will suffice, but, where the general facts are stated, the word “negligently” is not without appropriate and effective uses. St. Louis & S. F. R. Co. v. Brantley, 168 Ala. 579, 53 South. 305; Pace v. Louisville & N. R. Co., 166 Ala. 519, 52 South. 52; City of Montgomery v. Wyche, 169 Ala. 181, 53 South. 786.
Plea 4 is not unlike a plea held good in the recent case of This Appellant v. Bierly, 80 South. 806.[2] The complaints and pleas in the two cases are very much alike. Both cases are against the same defendant to recover damages as for the same accident — an explosion in a furnace. The pleadings in both cases, being drawn by the same attorneys, are very similar. The sufficiency of the pleas in the other case received a thorough consideration by this court on original submission and on rehearing, and the opinion in that case is apt authority herein.
The decision in this ease and in the Bierly Oase as to the sufficiency of pleas 3 and 4 in the latter case and to plea 4 in this case are distinguishable from the cases cited and relied upon by counsel for appellant. In some of those the pleas possessed alternative averments which made them bad. Such was the case in Osborne v. Ala. Steel & Wire Co., 135 Ala. 571, 33 South. 687 — one of the pleas was held bad for that reason, and the others failed to allege facts sufficient to raise a duty on the plaintiff. No such defects are to be found in the case in hand. If the facts set forth in plea 4 are true, then plaintiff was guilty of negligence, and that negligence proximately contributed to his injury. This is all that is necessary.
It results that the application for rehearing is denied, but the opinion is changed as indicated in response to the application.

 202 Ala. 422.