WILLIAM E. HAVEY, ADMINISTRATOR, ETC., OF GARRET HAVEY, DECEASED, PETITIONER-DEFENDANT, v. ERIE RAILROAD COMPANY, PROSECUTOR.

Submitted December 3, 1914—Decided June 28, 1915.

1. The misrepresentation as to name and age is not such a fraud as to operate to relieve an employer from the obligation to make compensation under the Workmen's Compensation act in the absence of proof that he was induced to enter into the contract by reason of such misrepresentation.
2. Whether or not the father and mother and minor brothers and sisters, living together in the same household, and subsisting in part on the earnings contributed by the deceased to his father, and applied by the father to the support of himself and his family, were actual dependents upon the deceased, was a question of fact for the trial judge to determine.
3. It is not essential to the right of a dependent who seeks to recover compensation under the act that such dependent should be actually or entirely dependent upon the earnings of the deceased; but it is sufficient if it appears that he is dependent in fact.
4. Where, under paragraph 12 of the Workmen's Compensation act, it was found as a fact that there were dependent upon deceased, a father, a mother and several minor brothers and sisters, an award of sixty per cent. of the wages was excessive. such a maximum award being only authorized where there are orphans in excess of two or where there is a widow with five or more children.

On *certiorari*.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Collins & Corbin, George S. Hobart* and *Robert J. Bain* of counsel.

For the defendant, *George E. Cutley.*

The opinion of the court was delivered by

KALISCH, J.   Garret Havey, the petitioner's decedent, was a brakeman in the employ of the prosecutor. It is not denied

by the prosecutor that the plaintiff's decedent met his death by an accident arising out of and in the course of his employment.

The trial judge found the following facts:

1. That at the time the plaintiff's decedent went into the employ of the prosecutor, he represented himself to the prosecutor to be John Joseph Havey, aged twenty-one years, when in fact he was Garret Havey, aged eighteen years.

2. That at the time of the decedent's death he was living at his father's home, and that he left him surviving a father and mother and four brothers and four sisters, under the age of fourteen years.

3. That the average weekly earnings of the deceased were $10.60, which were turned over by him to his father who applied the same to the support of the household, and that the father and mother and brothers and sisters were actual dependents.

The trial judge held that the misrepresentation by Garret Havey as to his name and age did not relieve the prosecutor from making compensation under the statute and awarded, as compensation, sixty per cent. of the weekly earnings, and accordingly gave judgment against the prosecutor for $6.48 per week for three hundred weeks.

One of the reasons assigned for reversal of that judgment, by counsel for prosecutor, is that the contract of employment entered into between the prosecutor and the plaintiff's intestate was made by misrepresentation and fraud, in that the plaintiff's decedent misrepresented his name and age to the prosecutor at the time he applied for employment and obtained it.

We think that the misrepresentation as to name and age, in the absence of any proof, that the prosecutor was induced to enter into the contract upon such misrepresentation, did not constitute such a fraud that it will operate to relieve the prosecutor from the statutory obligation to make compensation in a case arising under the statute.

Moreover, it does not appear that there was any causal connection between the misrepresentation and the contract.

The chief argument addressed to us by counsel of prosecutor is, in substance, that the father and mother and the minor brothers and sisters were not dependents within the meaning of the term of "actual dependents" of paragraph 12 of section 2 of the act of 1911, and that even though they be such, the allowance of sixty per cent. of the weekly earnings is in excess of the amount authorized by the act; that under the act no more than twenty-five per cent. of the weekly earnings of the deceased could be properly adjudged.

Whether or not the father and mother and minor brothers and sisters, living together in the same household, and subsisting in part on the earnings contributed by the deceased to his father, the head of the household, and applied by the father to the support of himself and his family, were actual dependents upon the deceased, was a question of fact for the trial judge to determine.

There was testimony in the case that tended to establish that the plaintiff's intestate gave his wages to his father and that such wages were devoted to the support of the family.

That fact was sufficient to afford a legal basis for the finding of the trial judge that they were actual dependents.

It has been held by this court that it is not essential to the right of a dependent, who seeks to recover compensation under the act, that such dependent should be actually or entirely dependent upon the earnings of the deceased for the necessities of life, but it is sufficient if it appears that he is a dependent in fact. *Miller* v. *Public Service Railway Co.,* 84 *N. J. L.* 174; *Muzik* v. *Erie Railroad Co.,* 85 *Id.* 129; 86 *Id.* 695.

Those cases are controlling here.

The serious difficulty that presents itself in the case under consideration is in the amount of compensation awarded by the trial judge.

The accident occurred before the act of 1913, amending the act of 1911, was in existence. It appears that the trial judge first made an award under the former act, but subsequently set that order aside and made an order under the act

of 1911, leaving the award, however, as originally fixed, at sixty per cent.

We think that the compensation awarded by the trial judge is in excess of the amount permitted to be fixed by paragraph 12 of section 2 of the act of 1911.

That paragraph provides for only two instances in which the award of the maximum, sixty per cent., is authorized. The first instance is that where there are orphans an additional ten per cent. is allowed for each orphan in excess of two not exceeding sixty per cent. The other is where there is a widow with five children or more.

Under paragraph 12 of section 2 which provides: "If widow and father and mother fifty per centum of the wages," it was held by this court that twenty-five per cent. of the weekly earnings may be awarded; where there is no widow, to the father or mother, as the case may be. *Blanz* v. *Erie Railroad Co.,* 84 *N. J. L.* 35; affirmed by the Court of Errors and Appeals in 85 *Id.* 367.

The result arrived at in that case was predicated upon the fact that an earlier clause of paragraph 12 provided that where there was a widow alone she is entitled to twenty-five per cent.

There is another clause of paragraph 12 which reads: "If grandparents, grandchildren, or minor incapacitated brothers and sisters, twenty-five per centum of the wages."

We perceive no obstacle in the way, under this clause, of the trial judge to have made an additional allowance of twenty-five per cent., since it appears that there are brothers and sisters, who are minors under the age of sixteen years and actual dependents upon the earnings of the plaintiff's decedent.

It is evident, from the reading of this paragraph, that it was the legislative intent to provide for minor brothers and sisters who were actual dependents within the meaning of the act.

Adopting this theory of computation the petitioner was entitled to recover no more than fifty per cent. of the weekly

earnings of the plaintiff's decedent, and the trial judge should have given a judgment based on that percentage.

But the insistence of the counsel for the prosecutor in that regard is that there was no proof before the trial judge of the age of the brothers and sisters, and that therefore there was no proper basis afforded to fix a compensation based on the paragraph relating to that class.

There was testimony before the trial judge that each of the minor brothers and sisters was under the age of fourteen years. It is a fair inference that several of them are of a very tender age. As the compensation allowed covers a period of three years, it is equally a fair inference that there still will be several of them at the expiration of that period of time who will not have reached the age of sixteen years, the age fixed by statute, when payment on account of children shall cease.

We do not overlook the fact that there is another clause of paragraph 12 which provides that compensation in case of death shall be subject to a minimum of $5 per week, except where the employe at the time of the injury receives less than $5 per week.

Viewing the judgment given by the trial judge in any of the aspects of paragraph 12 of section 2 of the statute, it is apparent that the judgment is in excess of express statutory authority.

The judgment should be reversed, and the record remanded to the Court of Common Pleas to be proceeded with in accordance with the views expressed in the opinion.