GANGA v. FORD MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AWARD TO
MINOR FRAUDULENTLY SECURING EMPLOYMENT AFFIRMED BY
EQUALLY DIVIDED COURT.

> Although minor secured employment by misrepresenting himself
> to be his adult brother, and thereby received higher wages
> than he would have received as a minor, an award under the
> workmen's compensation act for injuries received while run-
> ning a shaper, at which work foreman testified he had in-
> structions not to place minors, is affirmed by equally divided
> court.

Certiorari to Department of Labor and Industry.
Submitted January 7, 1930. (Docket No. 17, Cal-
endar No. 34,603.) Decided April 7, 1930.

William Ganga presented his claim for compen-
sation against the Ford Motor Company, a Delaware
corporation, for an accidental injury while in de-
fendant's employ. Defendant reviews award to
plaintiff by certiorari. Affirmed by an equally di-
vided court.

*Derham & Derham,* for plaintiff.

*George H. Anderson,* for defendant.

BUTZEL, J. Ford Motor Company, defendant and
appellant, has brought certiorari to review a de-
cision of the department of labor and industry
awarding William Ganga, plaintiff and appellee, the
sum of $990 for the loss of the index and the ring
fingers of his right hand on September 27, 1928.

Defendant operates a plant at Iron Mountain, Michigan. On the 25th day of August, 1928, defendant announced it was rehiring its former employees. The scale of wages for men over 21 years was higher than that for minors. Plaintiff, although only 18 years of age, testified that, in order to secure employment, he represented himself to be Carman Ganga, a 24-year old brother, who was a former employee of defendant. He thus secured employment and at a higher rate of wages than he would have received had his true age been known. Plaintiff testified that after he was hired he was turned over to a foreman whom he told that he had never previously worked at defendant's plant. Plaintiff had been a prominent high school athlete, weighed 212 pounds, and he did not resemble his brother Carman, who weighed but 153 pounds. Plaintiff was put to work on odd jobs, and about a month after beginning work he was directed to operate a shaper machine. He sustained the injuries two nights later.

There is a direct conflict of testimony between plaintiff and defendant's foreman. The former claims and the latter denies that plaintiff told him that he had never worked on this particular machine before. Plaintiff testified that he had previously worked on other shapers. The foreman testified that plaintiff did the work of a mature man; that he had instructions not to place employees under 21 years of age at work on the machine, but that if a man who had worked there before was capable of handling the machine he would put him to work on it. Defendant claims that there was no valid contract existing between defendant and plaintiff, that the employment had been secured through fraud, and that defendant had not entered into a contractual relation with plaintiff so that the latter

would be entitled to compensation under the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.,* as amended).

Defendant relies on the case of *Minneapolis, etc., R. Co.* v. *Rock,* 279 U. S. 410 (49 Sup. Ct. 363). That case was brought under the Federal employers' liability act (45 USCA §§ 51–59). Joe Rock was refused work on account of a very serious physical ailment. He was then re-employed under the name of John Rock, and imposed upon the railway company by securing one of his friends in good physical condition to impersonate him and pass the physical examination. He thus secured employment and was subsequently injured. The court held that he was an impostor, that he obtained his position through fraud, and, not having been legally employed, he was not entitled to recover. In exonerating the railway company from liability, the court stressed the fact that a common carrier owes certain duties to the public and is obliged to employ men in good health for the safety of the public and defendant's own employees, and that when a person in bad health imposes upon the company in the manner that Rock did he imperils the safety of the public and the employees of the carrier. Carriers who are forced to come under the Federal employers' liability act owe a duty to their patrons as well as to their employees. They must select careful, physically fit men.

This case is distinguishable from the one at issue in many ways, particularly in that plaintiff was a minor, only 18 years of age, when he was employed; that he did not secure employment through a fraudulent medical examination, and that his physical condition did not even remotely contribute to the accident. The workmen's compensation act distinctly provides that minors shall have the right to come

under the act the same as adult employees. It further provides that minors under 18 years of age shall be entitled to double the amount of the compensation provided for, unless they have secured the employment fraudulently, in which event they shall receive only single compensation. The workmen's compensation act is a charge borne by the industry and is reflected in the cost of production. In the present case defendant might have been defrauded in paying plaintiff a larger amount than plaintiff would have been entitled to on account of being under age. With this question, however, we are not concerned. We believe that under the circumstances plaintiff is entitled to the single compensation allowed him. This is in accord with the weight of authority.

In *Noreen* v. *Wm. Vogel & Bros., Inc.*, 231 N. Y. 317 (132 N. E. 102) (1921), where the question arose as to the liability of the defendant to a minor who had misrepresented his age, the court said:

"The method adopted by an individual to secure employment from an employer misled by the representations of the individual seeking service does not determine the relationship existing between such persons. When the employment is entered upon, the law determines the relations, rights, and remedies of the parties. Here the relation of employer and employee existed within the spirit and letter of the workmen's compensation law."

To like effect are *Darnley* v. *Railway Co.*, 14 B. C. R. 15; *Havey* v. *Railroad Co.*, 87 N. J. L. 444 (95 Atl. 124); *St. Louis, etc., R. Co.* v. *Brantley*, 168 Ala. 579 (53 South. 305).

The award is affirmed, with costs to plaintiff.

McDonald, North, and Fead, JJ., concurred with Butzel, J.

CLARK, J. *(for reversal).* The relation of employer and employee is here indispensable to an award. The basis of the relation is a contract of hire, express or implied. The existence of a contract was challenged by the employer on the ground of fraud. There is no issue of fact on the question. All the evidence is to the effect that the employer was taking back former employees at a different wage and for different duty from that paid and assigned to new men. Plaintiff William Ganga, a large boy, represented that he was Carman Ganga, a brother 24 years old, a former employee. He was hired as Carman and paid and assigned duty as a former employee. While at work he suffered the injury.

There is more here than a mere harmless misrepresentation of age, which counsel contend would not avoid the contract. Nor is it a case where the man himself was hired, but under a fictitious name. Plaintiff was an impostor. By the deception he obtained better compensation and rating from what he would have had had he been accepted for what he was, a new hand. The case is ruled by *Minneapolis, etc., R. Co.* v. *Rock,* 279 U. S. 410 (49 Sup. Ct. 363), where, on somewhat similar facts, in an action under the Federal employers' liability act (45 USCA §§ 51–59), the relation of employer and employee was held, on the ground of fraud, not to exist.

The award should be vacated.

WIEST, C. J., and POTTER and SHARPE, JJ., concurred with CLARK, J.