JAMES OTIS HUFFMAN, SR., ET UX. V. THE SOUTHERN
UNDERWRITERS.

No. 7414.  Decided May 17, 1939.
Rehearing overruled June 14, 1939.
(128 S. W., 2d Series, 4.)

*Grindstaff, Zellers & Hutcheson,* of Weatherford, for plaintiff in error.

In a suit arising under the Workmen's Compensation Act, brought by the legal beneficiaries of the deceased minor killed in the course of his employment, it is no legal defense that he was employed in violation of the law and in a hazardous employment because Article 8306, section 12i, provides, in substance, that a minor who has been employed in any hazardous or other employment which is prohibited by any statute of this State, shall nevertheless be entitled to receive compensation under the terms and provisions of the Act, which also inure to the benefit of his legal beneficiaries in the event of his death under other provisions of the law. Gilley v. Aetna Life Ins. Co., 35 S. W. (2d) 136; Houston Pipe Line Co. v. Beasley, 49 S. W. (2d) 950; Mullin v. Nash-El Paso Motor Co., 250 S. W. 472.

*Battaile, Burr & Holliday,* of Houston, for defendant in error.

The defendants, or plaintiffs in the cross action, Huffman and wife, are not entitled to recover for the death of their son, who was a minor, for the reason that he had misrepresented his age in order to procure his driver's license, and that the work he was performing at the time of the accident was in violation of the penal laws, Article 911b, of the Penal Code, and of the rules of the Railroad Commission and his purported contract of hire for the performance of such work was illegal, invalid and void. Texarkana & Ft. Scott Ry. Co. v. Houston Gas & Fuel Co., 121 Texas 594, 51 S. W. (2d) 284; Sun Oil Co. v. Railroad Commission, 68 S. W. (2d) 609; Ferguson v. Mounts, 281 S. W. 616.

MR. JUSTICE SHARP delivered the opinion of the Court.

The precise question presented here is whether the legal beneficiaries of a minor seventeen years of age, who was killed while operating a truck under an unrevoked and uncancelled driver's license issued to him by the Railroad Commission, can recover compensation under the provisions of the Workmen's Compensation Law (Article 8306 et seq., Revised Civil Statutes) for his death.

This suit was brought in the district court by The Southern Underwriters, to set aside an award of the Industrial Accident Board on the claim of J. O. Huffman, Sr., and wife for compensation for the death of their son, J. O. Huffman, Jr. The case was tried before a jury; and, based upon the findings of the jury, the trial court entered judgment for $4,447.76. The

case was appealed to the Court of Civil Appeals at Galveston, and the judgment of the trial court was set aside and judgment rendered for The Southern Underwriters. 114 S. W. (2d) 926. A writ of error was granted.

The controlling facts are that Zack Brooks was a trucking contractor, operating under what is known as a special commodity permit, obtained from the Railroad Commission. J. O. Huffman, Sr., was the foreman for Brooks, and had been for many years. He had charge of the trucking operations for Brooks, and employed the men to drive the trucks. As foreman he employed his son, J. O. Huffman, Jr., who was 17 years old, to work for Brooks as a truck driver. Brooks knew of the employment of J. O. Huffman, Jr., and obtained a written consent from J. O. Huffman and his wife to employ their son.

On April 5, 1936, J. O. Huffman, Jr., was sent as a truck driver with a load from Greggton, in Gregg County, Texas, to a place near Corpus Christi. He arrived at his destination with his load; and after unloading same, and acting under instructions from the home office, he loaded his truck with oil field equipment, and started to return to East Texas with same. While on his return trip his car was accidentally wrecked, the truck burned, and J. O. Huffman, Jr., was burned to death.

On February 19, 1935, J. O. Huffman, Sr., executed and delivered to Brooks a statement, which, omitting the formal parts, reads as follows:

"It is my wish to have my son, J. O. Huffman, Jr., a minor, to work for you if you should have any opening for his services.

"I hereby release you, your heirs and assigns, for any liability or claim that might arise, should he become injured in any way while in your employ."

A decision of this case turns on the construction of Section 12i of Article 8306 of the Revised Civil Statutes of Texas. The Honorable Court of Civil Appeals held that when this section of the Workmen's Compensation Act is construed in connection with Article 911b and Article 6687 of the Revised Civil Statutes, and Article 813, 827a, sec. 9, and 1690b of the Penal Code, and Rule 3 of the Railroad Commission, Huffman and wife are not entitled to recover compensation for the death of their son, on the following grounds: (1) That the son's employment was in violation of the law and the rule of the Railroad Commission; and (2), that they waived their rights, if they had any, by the execution of the waiver copied above. The Court of Civil Appeals

held that, since the compensation awarded to Huffman and wife was community property, the waiver signed by the husband also bound the wife.

Section 12i in part reads: "A minor who has been employed in any hazardous or other employment which is prohibited by any Statute of this State, shall nevertheless be entitled to receive compensation under the terms and provisions of this Act. Provided, that this Section shall not be construed to excuse or justify any person, firm or corporation employing or permitting to be employed a minor in any hazardous or other employment prohibited by any Statute of this State. (As amended Acts 1931, 42nd Leg., p. 259, ch. 154. sec. 1.)"

Article 1573 of the Penal Code expressly prohibits the employment, for certain labor, of a child under 15 years of age in cities of more than 15,000 in population, and levies a heavy penalty for violation of such law. Article 1574 expressly prohibits the employment, for certain work, of a child under 17 years of age, and imposes a heavy penalty for a violation of such statute. Article 827a, section 9, of the Penal Code provides in substance that it is necessary to have a chauffeur's license, as provided by Article 6687 of the Revised Civil Statutes, before operating a commercial motor vehicle. Article 6687 was amended, and it is now known as Article 6687a.

Article 6687a, section 3, subdivision c, provides as follows:

"Drivers of commercial motor vehicles operating under the jurisdiction of the Railroad Commission of Texas who are required to have a driver's license issued by that department, shall not be required to secure a chauffeur's or operator's license under the terms of this Act for the operation of such vehicles, but such persons shall be amenable to the other provisions of this law incident to the cancellation of chauffeurs' or operators' licenses."

Article 911b, section 4(b), Revised Civil Statutes, in part reads:

"The Commission is hereby vested with power and authority and it is hereby made its duty to require that each driver of a motor propelled vehicle owned or operated by a motor carrier under the provisions of this Act shall have a driver's license, which license shall be issued by the Commission pursuant to an examination testing the ability and fitness of the applicant and under such rules and regulations as the Commission may prescribe; * * * The Commission may suspend or revoke any such

license for cause after notice and public hearing. It shall be unlawful for any motor carrier to operate a motor propelled vehicle in this State unless such vehicle is operated by a driver holding an unrevoked and uncanceled license issued by the Commission."

In response to the authority conferred on the Railroad Commission, that tribunal adopted Rule 3, which reads as follows:

"All drivers of motor vehicles operated by motor carrier companies in Texas, under a certificate or permit issued by the Railroad Commission, shall be not less than eighteen years of age, of good moral character, experienced in operating motor vehicles, and fully competent to carefully, safely and courteously operate the vehicles under their charge."

■ It is the settled policy of this State to construe liberally the provisions of the Workmen's Compensation Law, in order to effectuate the purposes for which it was enacted. Lumberman's Reciprocal Assn. v. Behnken et al., 112 Texas 103, 246 S. W. 72, 28 A. L. R. 1402; McClure v. Georgia Casualty Co. (Com. Appls.), 251 S. W. 800; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084; Federal Surety Co. v. Ragle (Com. Appls.), 40 S. W. (2d) 63; Texas Employers Ins. Assn. v. Volek et al. (Com. Appls.), 69 S. W. (2d) 33, Cert. den. 55 S. Ct. 116, 293 U. S. 598, 79 L. Ed. 691.

The constitutionality of the Workmen's Compensation Law is sustained on the theory of tripartite agreement between employer, employee, and the insurance carrier. Their legal relation under this statute is contractual. Middleton v. Texas P. & L. Co., 108 Texas 96, 185 S. W. 596, 249 U. S. 153, 39 S. Ct. 227, 63 L. Ed. 527; Southern Casualty Co. v. Morgan (Com. Appls.), 12 S. W. (2d) 200.

■ Compensation laws are liberally construed in favor of the employee, as well as in favor of a claimant or beneficiary. Texas Employers' Ins. Assn. v. Volek et al. (Com. Appls.), supra; Texas Employers' Ins. Assn. v. Andrews, 130 Texas 502, 110 S. W. (2d) 49.

Article 8306, section 14, of the Act provides: "No agreement by any employee to waive his rights to compensation under this law shall be valid." The decisions of this State do not look with favor upon contracts waiving rights arising under the Workmen's Compensation Law. See Woolsey v. Panhandle Refining Co., 131 Texas 449, 116 S. W. (2d) 675; Clevenger v. Burgess, 31 S. W. (2d) 675 (writ refused).

Article 8309, section 1, in part reads: " 'Employe' shall mean every person in the service of another under any contract of hire, expressed or implied, * * * 'legal beneficiaries' as used in this law shall mean the relatives named in section 8a, part 1, of this law."

Article 8309, second subdivision 4 of section 1, provides that: "Any reference to an employe herein who has been injured shall, when the employe is dead, also include the legal beneficiaries, as that term is herein used, of such employe to whom compensation may be payable."

■ It is obvious from a reading of Articles 827a (sec. 9), 1573, 1574, and 1576, of the Penal Code, that they do not apply to a case like the one before us.

■ It is true that J. O. Huffman, Sr., sought employment for his minor son with Brooks. In order to obtain such employment, he agreed to release Brooks, his heirs and assigns, "for any liability or claim that might arise should he become injured in any way," while in his employ. This release applies or relates to Brooks personally, and does not apply to the insurance carrier.

It is true that Brooks knew that the deceased was a minor. It is not contended that he knew that the deceased was under eighteen years of age. It is contended that the parents of the deceased knew of his fraudulent conduct, if such it was, in obtaining a driver's license. This record shows that his parents knew of his employment by Brooks, but it is not shown that they, or either of them, had anything to do with obtaining such license.

It clearly appears that this law does not favor the enforcement of an agreement of an employee waiving his rights to compensation under the provisions of the law. In fact, it specifically states that such agreement shall not be valid. (Article 8306, section 14.) This law is liberal in the definition of who shall be considered an employee. (Article 8309, section 1.) This law also provides that legal beneficiaries shall mean relatives named in Section 8a, part 1.

■ The courts of this State strictly construe contracts executed by parents waiving claims against an employer for damages in the event of a minor's death in the course of employment. In the case of Galveston H. & S. A. Ry. Co. v. Pigott, 54 Texas Civ. App., 367, 166 S. W. 841 (writ refused), it was in effect held that a stipulation in a contract of employment of a minor, whereby his parents waived all claims against the employer

for damages in the event of the minor's death in the course of employment, is contrary to public policy and void.

■ The law vests in the Railroad Commission the power of issuing drivers' licenses under such rules as the Commission may prescribe. In this instance the Commission issued to J. O. Huffman, Jr., a driver's license, and he was operating a truck under the authority of such license at the time of his death. The Commission also has the power to revoke such licenses, but until such license held by a driver is revoked and cancelled, he has the prima facie right to operate a motor vehicle owned or operated by a motor carrier. It is undisputed that the license issued by the Railroad Commission to J. O. Huffman, Jr., was never revoked or cancelled, and this license was found on his body after his death.

■■ It has long been the rule in this State that misrepresentations in an application for employment do not preclude recovery for injuries, where the applicant was physically fit to perform his duties and the misrepresentations had no casual relation to the fitness of such employment or the injuries received. Such fact could form the basis for the cancellation of a contract of employment, but it would be insufficient to render void the relation of master and servant, or to deprive the applicant of the right to recover for injuries received by him while engaged in the discharge of his duties. Dawson v. Texas & P. Ry. Co., 123 Texas 193, 70 S. W. (2d) 392.

■ The Workmen's Compensation Law recognizes the rights of minors to become employees thereunder. (See Section 12i, supra.) The old Article 8306 came before this Court for construction in the case of Gilley v. Aetna Life Ins. Co. (Com. App.), 35 S. W. (2d) 136. We will not review here the holding in that case. Immediately after that opinion was rendered, the Legislature amended Article 8306, section 12i, into its present form. This section now provides, in effect, that a minor who has been employed in any hazardous or other employment which is prohibited by any statute of this State, shall nevertheless be entitled to recover compensation under the terms of this Act. It logically follows that if the rights of the minor were preserved under this law, then under the provisions of Article 8309, section 1, subdivision 4, the rights of the legal beneficiaries of the employee, if dead, shall also be preserved.

It is true that this law does not look with favor upon the employment of a minor in hazardous work, as is reflected in the language used in the latter part of Section 12i, quoted

above. We are also mindful of the language used in Rule 3 of the Railroad Commission, and in Article 6687, described above. We find, however, no provision in the law which expressly prohibits the employment of a minor 17 years of age, as is expressly prohibited in Articles 1573 and 1574 of the Penal Code, relating to the employment of minors under 15 and 17 years of age, respectively. Nor do we find any provision in the law which expressly declares that a contract of employment of a minor 17 years of age is illegal and void. We do find that Section 12i expressly declares that where a minor is employed, his rights to compensation thereunder shall be preserved.

While this precise question has never heretofore been presented to this Court for decision, we find that the courts in other jurisdiction have considered questions analagous to the one before us. See Chapman v. Ry. Fuel Co. 212 Ala. 106, 101 Southern 879; Horn v. Planters Products Co., 40 Ga. App. 787, 151 S. E. 552; Ganga v. Ford Motor Co., 250 Mich. 247, 230 N. W. 159; 71 C. J., p. 503, sec. 229, and cases cited.

The case of Ganga v. Ford Motor Co., supra, involved the award for injuries to a minor securing employment at higher wages by representing himself to be his adult brother, and such award was allowed under the Workmen's Compensation Act of Michigan, and the Supreme Court of that State, in deciding the rights of a minor for compensation, although he had falsely stated his age, said:

"It further provides that minors under eighteen years of age shall be entitled to double the amount of the compensation provided for, unless they have secured the employment fraudulently, in which event they shall only receive single compensation. The Workmen's Compensation Act is a charge borne by the industry, and is reflected in the cost of production. In the present case defendant might have been defrauded in paying plaintiff a larger amount than plaintiff would have been entitled to on account of being under age. With this question, however, we are not concerned. We believe that under the circumstances plaintiff is entitled to the single compensation allowed him. This is in accord with the weight of authority.

"In Noreen v. Wm. Vogel & Bros., Inc., (1921) 231 N. Y. 317, 132 N. E. 102, 104, where the question arose as to the liability of the defendant to a minor who had misrepresented his age, the court said:

" 'The method adopted by an individual to secure employment from an employer misled by the representations of the individual

seeking service does not determine the relationship existing between such persons. When the employment is entered upon, the law determines the relations, rights, and remedies of the parties. Here the relation of employer and employee existed within the spirit and letter of the Workmen's Compensation Law.'

"To like effect are Darnley v. Canadian Pacific Ry., 14 B. C. R. 15; Havey v. Erie R. Co., 87 N. J. Law, 444, 95 A. 124; St. Louis & S. F. R. Co. v. Brantley, 168 Ala. 579, 53 So. 305."

The case of Chapman v. Railway Fuel Co., supra, involved the construction of the Workmen's Compensation Law in Alabama. The provision involved reads as follows:

"The provisions of this Act shall apply to employees who are minors who have been employed in accordance with the law or contrary to laws regulating the employment of minors."

It was contended there that if the minor was permitted to recover under the provisions of that Act, it would destroy the Child Labor Law of that State. The Supreme Court of Alabama held, in effect, that the provisions of the Workmen's Compensation Law shall apply to minors employed legally or contrary to laws regulating their employment, and that the minor is entitled to recover as an employee, even if the contract under which he works is illegal and void.

When Section 12i is construed in the light of its history and in connection with other statutes, we do not think the Legislature intended to destroy the rights of a minor 17 years of age, to whom was issued a driver's license by the Railroad Commission, and who was killed in the performance of his duties as a truck driver. Nor do we think, in view of the other provisions of the law, that the Legislature intended to destroy the rights of the legal beneficiaries of such minor to recover compensation for his death.

We should also keep in mind the universal rule that compensation laws are liberally construed. Under the provisions of this law we do not think the incorrect statement of his age, to obtain a license, destroyed his rights under the Workmen's compensation Law. It is not shown that he was unfit to perform the duties of a truck driver, or that he was injured because of such unfitness. Even if we were to assume, without deciding, that such fact constituted a ground of defense, that question is not before us. At the time of his death he was operating under an uncancelled and unrevoked license. Under this Act we think his rights, as well as the rights of his legal beneficiaries,

should be protected and enforced. If the law needs amending, that power rests with the Legislature, and not with the courts. The Legislature has not seen fit to declare the rights of such minors, or their legal beneficiaries, arising thereunder as being illegal, and this Court is not authorized to write into the law something that the Legislature did not write therein.

It therefore follows that the judgment of the Court of Civil Appeals must be reversed, and that the judgment of the trial court must be affirmed.

Opinion delivered May 17, 1939.

Rehearing overruled June 14, 1939.