**SECOND INJURY FUND, State of Texas, Appellants,**

v.

**Billy Joe KEATON, Appellee.**

No. 6965.

Court of Civil Appeals of Texas.

Amarillo.

July 5, 1960.

Rehearing Denied Sept. 6, 1960.

Will Wilson, Atty. Gen., John L. Estes and W. O. Schultz, II, Asst. Attys. Gen., for appellants.

Ray & Baughman, Amarillo, and Boyd Knudtson, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This case arises out of a claim under the Second Injury Act, an amendment to the Texas Workmen's Compensation Act, Article 8306, Sec. 12c, Vernon's Ann.Civ. St., as amended in 1947, Article 8306, Secs. 12c, 12c–1 and 12c–2, V.A.C.S.

The case was tried before the court without a jury. The parties entered into a stipulation of the facts necessary for a determination of the case. The stipulated facts show the appellee received a noncompensable injury to his left leg in October, 1948 while playing football. In February, 1952 the appellee was involved in an automobile accident which resulted in further injuries to his left leg. On June 14, 1957 the appellee sustained a compensable injury to his right leg while in the course of his employment with the Buster Keaton Plumbing Company. It was further stipulated that the appellee's wage rate at the time of the June 14, 1957 injury was $106.-64 per week. Proper notice of this latter injury was given to the Industrial Accident Board, and on July 3, 1958 the Board entered an award in favor of appellee against the Standard Accident Company, the insurance carrier. This award was set aside by a compromise settlement agreement between the appellee and insurance company and the compromise settlement of $2,125 was approved by the Board on July 8, 1958. On January 9, 1959 the Industrial Accident Board entered an award denying the appellee's claim against the Second Injury Fund. The appellee gave notice of appeal from this decision of the Board on January 26, 1959, and filed this suit against the Second Injury Fund in the district court of Potter County on February 9, 1959. The parties further stipulated that the appellee

Billy Joe Keaton's disability to the body as a whole was 30% partial disability of permanent nature as a combination of injuries to his right knee sustained June 14, 1957 and the prior injuries to his left leg.

The district court on appeal rendered judgment allowing appellee to recover from the Second Injury Fund. The judgment granted appellee recovery against the Second Injury Fund for 300 weeks at 30% permanent partial disability which was calculated to be $5,760. The amount of $2,125 which was paid for appellee's second injury was deducted, leaving the sum of $3,-635 due the appellee from the Second Injury Fund. The judgment further provided that of the latter sum of $3,635, the sum of $2,035.20 plus 6% interest from date of the second injury was due and payable as accumulated payments on the date of entry of the judgment; the balance of $1,599.80 to be paid at the rate of $19.20 per week for a period of 84 weeks. The appellant duly excepted to the judgment and brings forward eight points of error.

As we understand appellant's position, it is its basic contention that appellee is not entitled to benefits from the Second Injury Fund because he did not suffer the loss or the loss of use of two members or organs within the meaning of Sec. 12c–1 of Art. 8306; and further that appellee was not totally and permanently incapacitated as a result of a combination of the injuries. The primary question to be determined in this case is whether or not Art. 8306, Secs. 12c, 12c–1 and 12c–2, V.A.C.S. as amended, will allow a recovery from the Second Injury Fund for a permanent partial incapacity as a result of general injuries. As far as we are able to determine, this question has not been passed on in Texas.

█ It is clear that both the previous non-compensable injury and the second compensable injury suffered by appellee were general injuries as distinguished from specific injuries under the Workmen's Compensation law. Neither injury involved the loss or the loss of use of any

member or organ. We are therefore of the opinion that neither of the cases of State v. Bothe, Tex.Civ.App., 231 S.W.2d 453 (no writ history) or Miears v. Industrial Accident Board, 149 Tex. 270, 232 S.W.2d 671 is authority for the basic question to be determined here. In the Bothe case the employee had suffered a previous injury which resulted in the loss of the right leg, and his second injury resulted in the loss of the left leg. The Miears case involved the loss of both eyes of the employee. Both cases involved a claim against the Second Injury Fund for total and permanent incapacity as a result of the combined incapacities from both injuries.

▆▆▆ It is well recognized that the policy and purpose of establishing the Second Injury Fund in 1947 was to encourage the employment of persons physically handicapped by previous injuries. Employers will more readily employ those who are physically handicapped if they have the assurance their insurer's liability will be limited to the disability resulting from the second injury only. Gilmore v. Lumbermen's Reciprocal Ass'n, Tex.Com.App., 292 S.W. 204; Miears v. Industrial Accident Board, supra. The 1947 amendment to Art. 8306, Sec. 12c which established the Second Injury Fund was also designed to equalize the position of the employee by providing for more compensation to an employee who suffered a more serious disability as the result of a combination of two injuries than he suffered from the second injury alone. Section 12c, before it was amended, limited the employee's recovery to the disability resulting from the second injury.

Article 8306, Sec. 12c, V.A.C.S. as amended reads as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for

the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the 'Second-Injury Fund' hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries."

"Sec. 12c–1. If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as 'Second-Injury Fund,' hereafter defined."

The language used in Sec. 12c applies to an employee who has suffered a previous injury and who shall suffer a *subsequent* injury which results in a *condition of incapacity* to which both injuries have contributed. It further provides that an employee who has suffered a *subsequent injury* shall be compensated from the Second Injury Fund for the *combined incapacities* resulting from both injuries. We find no language in Sec. 12c that requires the result of the combination of the two injuries be total and permanent disability. We think this conclusion is strengthened by the language of Sec. 12c as compared with the language of Sec. 12c–1. The latter section deals specifically with the loss or loss of use of a member or organ and a subsequent loss or loss of use of a member or organ. Both Sec. 11a of Art. 8306 and the language used in Sec. 12c–1 provide that the loss or loss of use of two members or organs shall be considered total permanent incapacity.

The injuries suffered by appellee were general injuries as distinguished from specific injuries referred to in Secs. 11a and 12c–1.

■ It is a well established rule of law in Texas that the Workmen's Compensation Act should be construed liberally in favor of the injured employee in order to effectuate the purposes for which it was enacted. Huffman v. Southern Underwriters, 133 Tex. 354, 128 S.W.2d 4; Miears v. Industrial Accident Board, supra. In accordance with this well settled principle in addition to the unambiguous language of Sec. 12c of Art. 8306 here under consideration, we are of the opinion and so hold that appellee is entitled to recover from the Second Injury Fund for the partial permanent incapacity he suffered as a result of the combination of injuries to his right knee sustained June 14, 1957 and prior injuries to his left leg. It is our further view that Sec. 12c–1 of Art. 8306 does not apply to the facts as stipulated in this case. Appellant's point of error No. 5 is therefore overruled.

We shall next consider the appellant's contention that the trial court erred in the method used to compute the amount due appellee from the Second Injury Fund. The trial court allowed appellee the total recovery of $5,760. This was based on 300 weeks of 30% partial permanent disability under Sec. 11 of Art. 8306. Two Thousand One Hundred and Twenty-Five ($2,125.00), the amount paid appellee by the insurance carrier for the second injury, was deducted from the Second Injury Fund's liability, leaving the liability of the Fund in the amount of $3,635. The trial court found 105 weekly installments of $19.20 had matured and were past due. The court found this amount of $2,035.20 was due and payable as of the date of judgment. The balance of $1,599.80 was ordered to be paid out of the Fund in 84 weekly installments of $19.20.

■ Appellant contends a lump sum payment is not authorized in this case. We agree that Sec. 15 of Art. 8306 provides for a lump sum payment only where death or total and permanent disability results, but we are of the opinion the sum declared by the trial court to be due and payable was not a lump sum payment. It was the accrual of past due weekly installments owed to appellee as a result of the disability received from a combination of the previous injuries. The trial court followed the holding of both the Miears case and Bothe case, supra, in deducting the compensation paid for the second injury. It follows that the remaining compensation due appellee after declaring the matured weekly installments due should be paid in weekly installments as provided for under Sec. 11, Art. 8306. We are therefore of the opinion the trial court did not err in the method used to calculate the compensation due appellee.

■ Appellant next complains of the trial court allowing 6% interest on the matured weekly installments instead of 4% as provided for in Art. 8306a, V.A.C.S. Appellee seems to concede, and we are of the opinion the judgment should be reformed so as to provide for 4% interest instead of 6% interest. General Ins. Corp. v. Handy, Tex.Civ.App., 267 S.W.2d 622; Art. 8306a, V.A.C.S.

■ Another point raised by appellant is the fact the judgment provided for the issuance of a Writ of Execution for the payment of the judgment and costs of court. It is appellant's position that a writ of execution will not lie against the State, contending that a judgment against the State can not be enforced by a seizure and sale of its property, but it may be paid only by an appropriation of money by the Legislature. We are unable to agree with this contention. This is a suit against the State for benefits payable out of a statutory fund. The Legislature gave permission to file suits such as this when it amended the Workmen's Compensation law by establishing the Second Injury Fund. State v. Bothe, supra. The cases cited by appellant are not controlling in a case of this

nature. We therefore overrule appellant's point of error No. 8.

We have not discussed other points of error raised by appellant for the reason we are of the opinion the Miears case and Bothe case cited above have held contrary to the contentions of appellant in its points of error. Further discussion of these points would unduly lengthen this opinion and serve no purpose.

After carefully reviewing the entire record and authorities, we are of the opinion the record reveals no reversible error.

The judgment of the trial court is modified to provide for 4% interest instead of 6% interest and as modified is affirmed.