

# The Attorney General of Texas

June 23, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Cue D. Boykin, Chairman
Texas Industrial Accident Board
Lyndon Baines Johnson Building
Austin, Texas 78711

Opinion No. H- 1193

Re: Payments to the Second Injury Fund after it exceeds $250,000.

Dear Mr. Boykin:

You inquire about the liability of insurance carriers for payment to the Second Injury Fund after it equals $250,000 in excess of existing liabilities. The fund was established to help provide compensation to employees when the combined effects of a first and second injury produce a greater incapacity than the second injury alone would have caused. Texas Employers' Ins. Ass'n v. Haunschild, 527 S.W.2d 270 (Tex. Civ. App. — Amarillo 1975, writ ref'd n.r.e.); Attorney General Opinion H-902 (1976); see Houston General Ins. Co. v. Teague, 531 S.W.2d 457 (Tex. Civ. App. — Waco 1975, writ ref'd n.r.e.). Its purpose is to encourage the employment of persons handicapped by a previous injury by limiting the insurer's liability to the disability caused by the second injury only. Second Injury Fund v. Keaton, 337 S.W.2d 841 (Tex. Civ. App. — 1960) rev'd on other grounds 345 S.W.2d 711 (Tex. 1961).

The fund is created in accordance with section 12c-2 of article 8306, V.T.C.S:

> (a) In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the full death benefits . . . for the benefit of said Fund. . . .

(Emphasis added). When it reaches $250,000 in excess of existing liabilities, payments into the fund cease until it is reduced below $125,000, as follows:

> (b) When the total amount of all such payments into the Fund, together with the accumulated interest thereon, equals or exceeds Two Hundred Fifty

Thousand Dollars ($250,000.00) in excess of existing liabilities, no further payments shall be required to be paid to said Fund; but whenever thereafter the amount of such Fund shall be reduced below One Hundred Twenty-Five Thousand Dollars ($125,000.00) by reason of payments from such Fund, the payments to such Fund shall be resumed forthwith, and shall continue until such Fund again amounts to Two Hundred Fifty Thousand Dollars ($250,000.00) including accumulated interest thereon.

V.T.C.S. art. 8306, § 12c-2.

You inform us that a payment into the fund on March 1, 1978, caused it to exceed $250,000 in excess of existing liabilities. You inquire about the liability of insurance carriers during the interval before the fund is reduced below $125,000; whether they have no liability for claims arising during this period, or whether they remain liable for such claims, payments merely being deferred until the fund is reduced below $125,000. You also ask whether the fund may now receive payment of death benefits for deaths which occurred before March 1, 1978.

Article 8306, section 12c-2 states that "the association shall pay" certain death benefits to the board. It thus creates a statutory liability to make payments to the fund under certain circumstances. See Industrial Accident Board v. Texas Employers' Insurance Association, 345 S.W.2d 718 (Tex. 1961). Section 12c-2(b) states that when the fund exceeds a certain sum, "no further payments shall be required to be paid to said Fund." We interpret this language to mean that no statutory liability will come into existence after the fund exceeds the stated amount. Thus, carriers will have no liability to the fund for deaths occurring after March 1, 1978, and prior to a future date when the "Fund shall be reduced below . . . $125,000. . . ."

Our interpretation of section 12c-2 is based in part on our observation that it speaks solely in terms of the carrier's obligation to pay without referring to the board's action to collect the money. We believe that the statutory references to "pay" and "payment" denote the carrier's legal duty to make payments, and not its actual tendering of money to the fund. When the statute ends the required payments, it thus prevents statutory liability from arising, rather than merely inhibiting the flow of money into the fund.

The courts have required that the board claim death benefits from the carrier and prove that no one entitled to compensation survived the employee. Industrial Accident Board v. Texas Employers' Insurance Association, supra; Industrial Accident Board v. Miears, 227 S.W.2d 571 (Tex. Civ. App. — Galveston), aff'd in

part, rev'd in part, 232 S.W.2d 671 (Tex. 1950). The carrier usually does not tender payment until some time after the death. Nevertheless, the existence of survivors, and  consequently the carrier's statutory liability, is determined by the facts as of the time of the employee's death. V.T.C.S. art. 8306, S 8a. We believe that section 12c-2 makes the carrier's statutory liability depend on the size of the fund at the time of the employee's death.  Therefore the board may collect death benefits attributable to deaths prior to March 1, 1978.

It has been suggested that the fund's value at various other dates should control the carrier's liability to it.  These dates include the date of the board's award, the date of final adjudication, and the date that payment is tendered. We do not believe any of these dates reflect a correct interpretation of the language of section 12c-2.  Moreover, the selection of one of these dates would introduce unnecessary complications into the administration of the fund. When a proceeding to claim death benefits begins, the date of death is the only certain date. The other three events are uncertain future events, and their timing is subject to control by the board or the carrier. The factfinders would have to look to the death date on the survivorship question and to an uncertain future date with respect to the fund's value. We recognize that our conclusion that the death date controls liability may result in further payment being made into the fund after it has reached the $250,000 mark. We do not believe that section 12c-2 prohibits the tender of payment after this event, but only the creation of new obligations to pay. See Pennsylvania Mfrs. Assn. Ins. Co. v. Sheppard, 373 A.2d 760 (Pa. Commw. Ct.) (carriers must pay full assessment, even though Workmen's Compensation Security Fund will as a result exceed statutory amount).

## S U M M A R Y

Workmen's Compensation carriers have no liability to the Second Injury Fund for death benefits attributable to deaths occurring after the fund exceeds $250,000 in excess of existing liabilities and before it is reduced below $125,000. The fund may continue to receive payment of death benefits derived from deaths occurring before the fund exceeded the statutory amount.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn